Charles E. and Sandra **FINCHER,** his wife, Plaintiffs,

v.

**KELLER INDUSTRIES, INC.,** a Florida Corporation, Individually and trading as Keller Ladders Eastern Incorporated, and Service Merchandise Company, Inc., a Tennessee Corporation trading as Mr. How Warehouse of Margate, Florida, Defendants.

No. M–89–127.

United States District Court, M.D. North Carolina, Greensboro Division.

Jan. 4, 1990.

having no opportunity to respond, such additional grounds will not be considered by this Court.

Michael K. Curtis, Greensboro, N.C., John M. de Laurentis, Cherry Hill, N.J., for plaintiffs.

Joseph R. Beatty, Greensboro, N.C., Thomas B. Underwood, Chicago, Ill., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on motion of plaintiffs to compel compliance with a deposition subpoena directed to eight employees of the non-party Underwriters Laboratories, Inc. of Research Triangle Park, North Carolina. The subpoena also seeks certain records relating to the testing of a specific ladder manufactured by defendants.

Neither Underwriters Laboratories nor the employees have filed a motion to quash the subpoena. Instead, they have orally notified plaintiffs' counsel that they will refuse to comply with the subpoena unless directed to do so by the Court.

Defendants' counsel has moved for a protective order and/or to quash the subpoena in the District of New Jersey where this products liability action is pending. The matter has been set for trial on January 2, 1990. The motion to quash has been made "returnable" on January 5, 1990 before the trial judge in the District of New Jersey.

This general controversy involving the Underwriters Laboratories and its reports was previously before the Court in November, 1988 and April, 1989 (M–88–83). There, Magistrate Paul Trevor Sharp permitted plaintiffs limited deposition of, and record production from, Underwriters Laboratories. (Plaintiffs sought records from Underwriters Laboratories which would show the ladder was defective. They were concerned that not all the records had been supplied to them.) The controversy started bubbling again in August, 1989, allegedly because defendants for the first time named as witnesses two individuals (Henderson and Catrone) from the Underwriters Laboratories in the Final Pretrial Order. From what the Court understands, plaintiffs still doubt whether either defendants or Underwriters Laboratories have produced all of the records with respect to the stepladder which is in issue. For their part, defendants have apparently named two individuals from the Underwriters Laboratories as potential witnesses because they fear that plaintiffs may try and create

unfavorable inferences concerning "missing records" at the trial of this case. Defendants would have these Underwriters Laboratories witnesses available to dispel such inferences. Defendants evidently have not provided plaintiffs with the contents of the proposed rebuttal testimony of these witnesses. As a result, plaintiffs seek to discover the potential testimony by the subpoena duces tecum.

In this particular case, the status of the proceedings in the District of New Jersey will determine the outcome of plaintiffs' motion. In so holding, this should not be interpreted as implying that this Court lacks jurisdiction or is not the proper forum for enforcing a subpoena deposition against a non-party. The Court for the district wherein the deposition is being taken decides controversies with respect to depositions. Rule 37(a)(1), Fed.R.Civ.P. With respect to non-parties and the enforcement of a Rule 45, Fed.R.Civ.P. subpoena, the Court which issues the subpoena is the proper forum for ruling on motions to compel. *See Byrnes v. Jetnet Corp.,* 111 F.R.D. 68 (M.D.N.C.1986). While it would be possible to transfer such discovery matters from this Court to the District of New Jersey, this is not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer. In that instance, the action must be decided by the Court for the district where the deposition takes place or which issues the subpoena. *Id.* at 70 n. 2. In the instant case, plaintiffs do not contend that the non-party Underwriters Laboratories has consented that the issue be decided by the trial court in the District of New Jersey.

Even though this Court is the proper one to rule on plaintiffs' motion, it nevertheless will look at the status of the proceedings in the district where the action is pending and at relevant rulings issued by that court. The reason for doing this goes beyond concerns of comity and accommodation to the trial court or the concern of an "ancillary" court to avoid issuing conflicting orders or rulings. *See Feller v. Brock,* 802 F.2d 722, 727–28 (4th Cir.1986). Rath-

er, the parties' discovery rights in this district can rise no higher than their level in the district of trial. A subpoena duces tecum is normally limited to use in conjunction with discovery or a trial. *Bowers v. Buchanan,* 110 F.R.D. 405 (S.D.W.Va. 1986). Here, discovery has ended and plaintiffs fail to show that they have any authority to conduct depositions and secure records in this District or in any other district for either discovery or trial. Moreover, defendants have in fact moved in the District of New Jersey to quash this deposition which may be interpreted as an application for a protective order against further deposition or discovery by plaintiffs. That issue clearly must be decided by the New Jersey trial court. Until that court permits additional discovery, plaintiffs simply have no right to conduct the discovery here or elsewhere.

To the extent plaintiffs claim surprise because defendants placed two Underwriters Laboratories employees on its final pretrial witness list, they must procure a ruling from the District of New Jersey concerning the propriety of that action and permission to conduct discovery. Should the District of New Jersey permit further discovery in the form of a subpoena duces tecum directed to Underwriters Laboratories, this Court will not hesitate to compel immediate compliance with such subpoena. However, until plaintiffs obtain the right to conduct additional discovery, they have no basis for seeking enforcement of the subpoena.

Nor can plaintiffs' demand for discovery be interpreted as merely a request for records from the non-party for use at trial. That matter was fully litigated in this Court before Magistrate Sharp during the discovery period and plaintiffs procured all discovery to which they were entitled. Plaintiffs have not justified re-litigating this matter. Nor have they shown that they are conducting a *de bene esse* deposition of one of their witnesses who cannot be subpoenaed for trial. Therefore, plaintiffs' motion to compel compliance with the subpoena duces tecum shall be denied. In view of this, the Court need not discuss

defendants' objection to the scope of the subpoena or their other arguments.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel Underwriters Laboratories and its employees to comply with the subpoena issued November 17, 1989 be, and the same hereby is, denied.