**PRODUCTOS MISTOLIN, S.A., Plaintiff,**

**v.**

**Francisco MOSQUERA, Jose M. Ponte, Defendants.**

**Misc. No. 92–S–005(S).**

United States District Court, D. Puerto Rico.

March 2, 1992.

Roberto L. Córdova, Santurce, P.R., for plaintiff.

Federico Calaf Legrand, Old San Juan, P.R., for defendants.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

On February 27, 1992, Productos Mistolín, S.A., plaintiff in Case 90–0964–Civ–Highsmith which is pending in the United States District Court for the Southern District of Florida, filed an emergency motion in the United States District Court for the District of Puerto Rico to compel the appearance of a witness at a deposition and to impose sanctions. Heated and cordial argument was heard in chambers from the attorneys. Unfortunately perhaps, this was a case of my first impression which faltered slightly but did not change after I had heard the parties. I recite one part of the fresh-off-the-presses Rule 45, Federal Rules of Civil Procedure.

**(a) Form; Issuance.**

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

(D) set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately.

(2) A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held. A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made.

(3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

The portent of apparently choosing to invoke the power of the Florida court to issue the subpoena, and consequently to enforce it, makes me powerless to consider the motion filed in this court. I reach this conclusion for the following reason.

First, the subpoena had to be issued from this court, and not from the Florida court. See Rule 45(a)(2).

Second, the necessary witness fee apparently was not tendered. It is required. See 28 U.S.C. § 1821(a)(1).

Third, the subpoena is not signed by the attorney, but rather by the clerk or deputy clerk in Florida. See Rule 45(a)(3).

Fourth, there is no mention in Rule 45 in relation to recourse to any court other than the one where the subpoena was issued. Redress was sought in this court. The contempt power invoked by Rule 45(e) refers to a contempt of the court from which the subpoena was issued. This court has issued nothing except this order.

Fifth, the subpoena does not contain the text of the new subdivisions (c) and (d) of Rule 45. *See* Rule 45(a)(1)(D).

Against this, movant invokes the new wording of Rule 45(a)(3). I quote from the Notes of the Advisory Committee on the December 1991 amendment to the Rule.

**Subdivision (a).** This subdivision is amended in seven significant respects.

First, Paragraph (a)(3) modifies the requirement that a subpoena be issued by the clerk of the court. Provision is made for the issuance of subpoenas by attorneys as officers of the court. This revision perhaps culminates an evolution. Subpoenas were long issued by specific order of the court. As this became a burden to the court, general orders were made authorizing clerks to issue subpoenas on request. Since 1948, they have been issued in blank by the clerk of any federal court to any lawyer, the clerk serving as stationer to the bar. In allowing counsel to issue the subpoena, the rule is merely a recognition of present reality.

Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions. In *ICC v. Brimson*, 154 U.S. 447 [14 S.Ct. 1125, 38 L.Ed. 1047] (1894), the Court upheld a statute directing federal courts to issue subpoenas to compel testimony before the ICC. In *CAB v. Hermann*, 353 U.S. 322 [77 S.Ct. 804, 1 L.Ed.2d 852] (1957), the Court approved as established practice the issuance of administrative subpoenas as a matter of absolute agency right. And in *NLRB v. Warren Co.*, 350 U.S. 107 [76 S.Ct. 185, 100 L.Ed. 96] (1955), the Court held that the lower court had no discretion to withhold sanctions against a contemnor who violated such subpoenas. The 1948 revision of Rule 45 put the attorney in a position similar to that of the administrative agency, as a public officer entitled to use the court's contempt power to investigate facts in dispute. Two courts of appeals have touched on the issue and

have described lawyer-issued subpoenas as mandates of the court. *Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d cir., 1990); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th cir., 1975). Cf. *Young v. United States ex rel Vuitton et Fils S.A.*, 481 U.S. 787, 821 [107 S.Ct. 2124, 2144–45, 95 L.Ed.2d 740] (Scalia, J., concurring). This revision makes the rule explicit that the attorney acts as an officer of the court in issuing and signing subpoenas.

Necessarily accompanying the evolution of this power of the lawyer as officer of the court is the development of increased responsibility and liability for the misuse of this power. The later development is reflected in the provisions of subdivision (c) of this rule, and also in the requirement imposed by paragraph (3) of this subdivision that the attorney issuing a subpoena must sign it.

Second, Paragraph (a)(3) authorizes attorneys in distant districts to serve as officers authorized to issue commands in the name of the court. Any attorney permitted to represent a client in a federal court, even one admitted pro haec vice, has the same authority as a clerk to issue a subpoena from any federal court for the district in which the subpoena is served and enforced. In authorizing attorneys to issue subpoenas from distant courts, the amended rule effectively authorizes service of a subpoena anywhere in the United States by an attorney representing any party. This change is intended to ease the administrative burdens of interdistrict law practice. The former rule resulted in delay and expense caused by the need to secure forms from clerk's offices some distance from the place at which the action proceeds. This change does not enlarge the burden on the witness.

Pursuant to Paragraph (a)(2), a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled. Accordingly, a motion to quash such a subpoena if it overbears the limits of the subpoena

power must, as under the previous rule, be presented to the court for the district in which the deposition would occur. Likewise, the court in whose name the subpoena is issued is responsible for its enforcement.

I take no issue with the new authority given attorneys who are not admitted to practice in a district to issue subpoenas as officers of the court where the deposition or production is to be performed. But the deposition subpoena issued in Florida is much more than simply signed and otherwise left in blank, as required by Rule 45(a)(3). The subpoena is void on its face, issued in Florida to a person in Puerto Rico. *See* Rule 45(a)(2). It had to be issued in Puerto Rico and, consistent with the legislative intent of the new amendment, it is in fact issued in Puerto Rico if it is completed and signed by an attorney who is admitted to practice where the action is pending. The completion of the blank subpoena must clearly show the name of the court whose command and contempt powers are invoked. The face of the subpoena shows it is issued in the United States District Court for the Southern District of Florida. Much importance is given to form in Rule 45. I do not believe that this interpretation ultimately gives form an unbalanced advantage over substance. Movant was adamant and vehement in his position. Movant stressed the fact that expenses were incurred in relying upon the belief that the depositions would be taken. I do not entertain the estoppel argument because I lack the power to resolve any issue in relation to the deposition subpoena except to quash it.

The motion to compel is denied.