**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), and National Spinal Cord Injury Association (NSCIA), Plaintiffs,**

v.

**ACUSPORT CORPORATION; Ellet Brothers, Inc., RSR Management Company, and RSR Group, Inc., individually and on behalf of similarly situated entities, Defendants.**

**National Association for the Advancement of Colored People (NAACP) et al., Plaintiffs,**

v.

**American Arms, Inc., et al., Defendants.**

**Nos. CV 99–7037, CV 99–3999.**

United States District Court, E.D. New York.

July 19, 2002.

Denise M. Dunleavy, Weitz & Luxenberg, PC, New York City, Monica Anne Connell, McHugh & Barnes, PC, New York City, Elisa Barnes, New York City, for Plaintiffs.

David R. Gross, Pamela Betlow, Budd, Larner, Gross, Rosenbaum, Greenberg &

Sade, PC, Short Hills, NJ, Christopher M. Chiafullo, Budd Larner, Shorthills, NJ, James P. Tenney, Mark Taustine, Leahey & Johnson, PC, New York City, David G. Tobias, Saviano & Tobias, PC, New York City, Richard J. Leamy, Jr., Wiedner & McAuliffe, Ltd., Chicago, IL, Joanne M. Gray, Schneck, Weltman, Hashmall & Mischel, New York City, Anthony Michael Pisciotti, Renzulli & Rutherford, LLP, New York City, Brian Andrew Bender, Harris Beach, LLP, New York City, Charles E. Bachman, O'Melvney & Myers, LLP, New York City, for Defendants.

Cathlene A. Tharp, Ross, Dixon & Bell, LLP, Washington, DC, Stuart Peacock, Amanda B. Wheeler, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for Third-Party Defendants.

### AMENDED MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

This amended memorandum and order is issued in response to objections and suggestions made by defendant's communications of July 17 and July 18, 2002. It replaces and supercedes the memorandum and order of July 15, 2002.

Plaintiffs seek an injunction to prevent an alleged public nuisance in the improper distribution of guns resulting in thousands of deaths a year. They move to compel disclosure by the United States Department of the Treasury, Bureau of Alcohol, Tobacco, and Firearms ("BATF") of information relating to crime gun traces and gun sales. It is in the public interest that the information necessary in adequately resolving plaintiffs' claims be available to the parties and the court. There is also a strong and potentially competing public interest in preventing the dissemination of information that may compromise law enforcement efforts or privacy of individuals.

Changed conditions suggest that previous decisions and stipulations limiting disclosure of BATF material may not have struck an appropriate balance between the weighty public interests in the "just, speedy, and inexpensive determination of every action," Fed.R.Civ.P. 1, and protection of information which should be restricted in its availability to the public. *See Hamilton v. Accu-tek*, slip op. 95–CV–49 (E.D.N.Y. Dec. 9, 1997) (denying motion to compel disclosure on the theory that BATF had a legitimate law enforcement privilege); *N.A.A.C.P. v. AA Arms*, slip op. 99–CV–3999 (E.D.N.Y. July 13, 2001) (stipulation by parties that certain information be disclosed in partially redacted form and be subject to confidentiality provisions).

There is now available evidence, given significant weight by other courts, concerning the limited need of BATF for unconditional law enforcement and privacy privileges asserted on its own behalf and to protect ongoing criminal investigations by other federal, state and local law enforcement agencies. *See City of Chicago v. United States Dep't of Treasury, Bureau of Alcohol, Tobacco and Firearms*, slip op. 00–CV–3417 (N.D.Ill. Mar. 6, 2001) (ordering BATF to disclose information to the City of Chicago), *aff'd*, 287 F.3d 628 (7th Cir.2002); *City of Chicago v. United States Dep't of Treasury, Bureau of Alcohol, Tobacco and Firearms*, 2002 WL 370216 (N.D.Ill. Mar.8, 2002) (ordering BATF to disclose additional information to the City of Chicago).

Plaintiffs have also demonstrated an increased need for the information precluded by the earlier stipulation and orders of this court. The matter is particularly pressing because a firm trial date is fast approaching.

The court has the power to reconsider and modify in the public interest previous decisions and settlements limiting access to data; the parties cannot by

agreement frustrate the court's broad power and discretion to protect both public and litigants. *See In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559 (E.D.N.Y.1985), *aff'd*, 821 F.2d 139 (2d Cir. 1987) ("Any request to lift or modify a protective order should be left to the sound discretion of the trial court.") (internal quotations and citations omitted); *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468, 471 (E.D.N.Y.1981) ("Courts have … lifted or modified their sealing orders…. [T]he court, in exercising its discretionary power to control and seal records, should weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.") (quotations and citations omitted); *cf.* Fed.R.Civ.P. 60(b) (on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding). The court may act *sua sponte* and reconsider its own orders. *See Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir.2001) (Fed.R.Civ.P. 60(b)).

On June 27, 2002, the court issued an order to show cause why BATF should not be ordered to release to plaintiffs information similar to that ordered released in similar cases. On July 11, 2002, a hearing was held and extensive briefs were submitted. The parties, the United States Attorney and representatives of BATF appeared.

The information provided to the court by those present about the nature of BATF's data is esoteric and technical. BATF maintains a great deal of information in a complicated, multitiered organizational framework that changes over time. The information is organized and maintained in extensive computer databases using complex software and instructions.

Partly because of this scope and complexity, plaintiffs have made broad assertions of need and BATF has made broad assertions of privilege. The court cannot decide these matters on the basis of sweeping generalizations presented in the briefs and arguments. At the hearing it became apparent that the needs of all sides might be better accommodated if the issues were addressed by those expert in the field who could better understand BATF's system.

A swift resolution is necessary. The parties and BATF have expressed a desire to resolve the questions amicably if possible. There appear to be differences of opinion (of a technical, not a legal nature) between the parties as to what information exists and how best to refer to it. Without experts' assistance, an appropriate resolution is unlikely.

■ Appointment of a special master to assist the experts and the court is desirable. Daniel Dockery, clerk to the judge before whom the matter is pending, is appointed special master. Fed.R.Civ.P. 53. He is directed to assist the parties and BATF to identify with specificity: 1) what information BATF maintains; 2) what is the current scheme employed by BATF to organize information into modules, tables, and elements; 3) which data elements plaintiff's experts reasonably expect will be required for the preparation of evidence for trial; 4) which data elements defendant's experts reasonably expect will be required for the preparation of evidence for trial; 5) of the data elements that at least one side requires, which elements would, if revealed, pose a threat to effective law enforcement operations or any individual's legitimate privacy interest; 6) what confidentiality or protective safeguards would alleviate identified law enforcement or privacy concerns; and 7) of the data elements that at least one side requires, which elements are privileged and should not be ordered disclosed regardless of safeguards. The court recog-

nizes that the views of the parties, particularly defendants, may change as the case develops.

The special master is authorized to conduct informal mediation relevant to the issues enumerated above. If the issues are not settled, the special master will submit to the court and parties a report limited to the technical information enumerated above to assist the court and parties in deciding the matter. This report will be filed and docketed with the clerk of the court. Parties will be given the opportunity to submit briefs and offer oral argument before the court makes any finding of facts based on the special master's report. The report will not be admissible in evidence.

The special master shall receive no compensation for performance of these duties. He shall be reimbursed out of court funds for any necessary expenditures.

Discussions among the special master, the experts and the BATF shall not be revealed to any person except the appointing attorney (or joint attorneys if the appointment is joint). *Cf.* Fed.R.Evid. 408 ("Evidence of conduct or statements made in compromise negotiations is . . . not admissible."). Experts may consult with any party's attorney but the attorney shall not be present at meetings of the special master, experts, and BATF.

The court will favorably consider approving and implementing a strong protective order to ensure that any sensitive information disclosed by BATF will not be made public or used for purposes beyond the present litigation. Publishing in court of such extrapolations and analysis should be designed to avoid triggering law enforcement or privacy concerns; they should reveal nothing about particular individuals or crimes.

Certain information may be so sensitive that it cannot be divulged, regardless of precautions to prevent public dissemination. Examples may include the social security numbers of individual purchasers, BATF "Do Not Contact" lists, and "Special Attention Flags." Additional categories of unconditionally privileged information may exist.

The court recognizes that at this time parties and experts may not be aware of all information they will need for trial. Parties and their experts should identify any information they now reasonably expect may be necessary for trial; this should minimize the burden on BATF that repeated production would impose.

Plaintiffs and defendants, as groups, are each ordered to promptly submit the names of one or two experts each for the limited purpose of identifying which data elements maintained by BATF can reasonably be expected to be necessary for the parties' trial experts to prepare their opinions. These named experts need not be the experts that parties will rely upon at trial.

Although there are multiple plaintiffs and defendants, there is no need for each individual party to nominate an expert for the limited purposes of this order. The need for certain types of information as a predicate to statistical analysis will be common among all plaintiffs and common among all defendants. Should, however, any individual party require its own expert or experts to participate in the discussions with the special master, the other experts and BATF, it shall apply to the court by order to show cause on twenty-four notice.

SO ORDERED.