Joseph Grey, Stevens & Lee, Wilmington, DE, for Movant.

**METRO–GOLDWYN–MAYER STUDIOS, INC., et al., Plaintiffs,**

v.

**GROKSTER, LTD., Defendant.**

**No. MISC.03–104–KAJ.**

United States District Court, D. Delaware.

Nov. 5, 2003.

### *MEMORANDUM ORDER*

JORDAN, District Judge.

*Introduction*

This is a miscellaneous action opened by iMesh.com, Inc. ("iMesh") with the filing of a motion to quash a subpoena served by certain plaintiffs (the "Plaintiffs") in a copyright infringement action pending in the United States District Court for the Central District of California (the "California Action"). (*See* Docket Item ["D.I."] 1 at 1–2.) Because of the peculiar circumstances of the case, and for the reasons more fully described herein, the motion is granted.

*Background*

The Plaintiffs' subpoena seeks several categories of information from iMesh, which is not a defendant in the California Action. Broadly, the subpoena demands a deposition

424

of iMesh covering the following topics: communications involving business dealings between iMesh and defendants in the California Action and others that Plaintiffs claim are involved in or closely related to the infringing activity; technical information involving the operation of certain software allegedly involved in the infringing activity; information identifying persons involved in the infringing activity; a description of iMesh's business plans and financial projections; a description of iMesh's corporate relationship with allegedly affiliated organizations; communications between iMesh and any plaintiff in the California Action; and information regarding certain documents that were the subject of an earlier subpoena served upon iMesh in the California Action. (*See* D.I. 4 at Ex. G.)

Citing Federal Rule of Civil Procedure 45(c)(3), iMesh contends that the subpoena should be quashed because "iMesh has no employees, officers or directors located within 100 miles of this Court's jurisdiction." (D.I. 1 at 2.) Alternatively, iMesh states that the subpoena is improper because it is beyond the scope of appropriate discovery under Federal Rule of Civil Procedure 26, it seeks confidential information which is not related to the California Action, it is a "thinly-veiled fishing expedition" designed to lay the groundwork for a suit against iMesh, and, in any event, no employee within the United States has any information responsive to the subpoena. (*Id.*) Since filing its motion to quash, iMesh has proven prescient about the likelihood that it would face a lawsuit by the Plaintiffs. While not precisely the same group of recording industry companies that constitute the Plaintiffs behind the subpoena at issue in this matter, a group of such companies including some of the Plaintiffs has filed a copyright infringement suit against iMesh in the United States District Court for the Southern District of New York (the "New York Action"). (*See* D.I. 6 at Ex. A.)

*Discussion*

■ Rule 45 of the Federal Rules of Civil Procedure was extensively amended in 1991 to, among other things, "clarify and enlarge the protections afforded persons who are required to assist the court by giving informa-tion or evidence[.]" Fed.R.Civ.P 45 advisory committee's note to 1991 amendments. The amendments simultaneously expanded the power of attorneys to issue subpoenas and made explicit the accountability of counsel to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. 45(c)(1). It is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such a way that the burdens of giving evidence are reasonable, under all of the circumstances presented.

In this case, the parties have focused on iMesh's assertion that it "has no employees, officers or directors located within 100 miles of this Court's jurisdiction." (*See* D.I. 2 at 2; D.I. 4 at 7–8; D.I. 6 at 1 and Ex. B, ¶ 3.) Plaintiffs do not dispute that assertion. Neither party has addressed the question of whether, because the subpoena was directed at iMesh itself, a corporate entity indisputably residing in Delaware, the subpoena is enforceable, whether or not iMesh has chosen to locate any employees, officers, or directors here. *Cf. Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y.1998) (stating that "Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work[,]" but also noting that the entity subject to the subpoena in that case was a partnership that, "[u]nlike a corporation, ... has no separate existence or identity of its own.") Having raised the issue, however, I need not resolve it because I find that iMesh has carried its burden of demonstrating that the burden of the subpoena is undue under the present circumstances and that there are likely to be more appropriate avenues for Plaintiffs to pursue the discovery they seek.

■ Plaintiffs, or at least some number of them, have chosen to make iMesh a party to an infringement suit. There is thus the prospect that discovery of the sort Plaintiffs seek will be available without the necessity of employing third party discovery against iMesh in the California Action. Moreover, before putting iMesh to the burden of bringing a witness to Delaware, which is not an unreasonable requirement in the abstract, given

iMesh's decision to establish corporate residency here, Plaintiffs must first do more to establish that there is no more appropriate forum, e.g., one where potential witnesses are present, for the issuance of compulsory process to obtain deposition testimony. In the event that there is no more appropriate avenue for discovery or more appropriate forum, and that Plaintiffs can demonstrate that iMesh is indeed playing the corporate shell game the Plaintiffs accuse it of, a different analysis and result may obtain. At this juncture, however, the Motion ought to be and is granted. Because the Motion is disposed of on the foregoing grounds, it is unnecessary to address the propriety of the particular categories of questions the Plaintiffs seek to ask at the deposition.

Accordingly, it is hereby ORDERED that iMesh's Motion for a Protective Order Quashing Plaintiffs' Subpoena (D.I. 1) is GRANTED.