### HIGHLAND TANK & MFG. CO., Plaintiff,

v.

### PS INTERNATIONAL, INC., Defendant.

### Civil Action No. 3:04–100J.

United States District Court, W.D. Pennsylvania.

Feb. 18, 2005.

Gene A. Tabachnick, Charles H. Dougherty, Jr., Joshua S. Bish, Reed Smith, Pittsburgh, PA, for Plaintiff.

Eric G. Soller, Alan G. Towner, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION AND ORDER

GIBSON, District Judge.

This case comes before the Court on PS International, Inc.'s (hereinafter "Defendant" or "PSI") Motion for Protective Order (Document No. 11) and Motion to Quash Subpoenas, (Document No. 17–1) or, in the alterna-

tive for Protective Order (Document No. 17–2). In consideration of the Defendant's Motions, the record in the case *sub judice,* Federal Rules of Civil Procedure 45 and 60(b), and relevant case law, the Court determines that it lacks jurisdiction to resolve Defendant's Motions for Protective Orders (Documents 11, 14, & 17), and the Court finds that it is appropriate to remit the parties' discovery dispute to the District Court of South Dakota for the following reasons.

## JURISDICTION

Jurisdiction of this civil action is proper in the United States District Court for the Western District of Pennsylvania pursuant to 35 U.S.C. §§ 1 *et seq.,* Patent Laws of the United States ("Patent Act"), 15 U.S.C. § 1051 *et seq.,* the Lanham Act, 15 U.S.C. § 1051 *et seq.,* the Copyright Act of 1976, and pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 based on federal question jurisdiction. Furthermore, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) for acts of infringement committed in this judicial district. (Document No. 13).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2004, Highland Tank & Mfg. Co. (hereinafter "Plaintiff") filed a Patent Infringement claim ("Count One") against the Defendant. The Plaintiff avers that Plaintiff is the "owner by assignment of United States Patent No. 4,722,800 ('the '800 patent')", which was issued on February 2, 1988 and titled "Oil–Water Separator."[1] (Document No. 1). However, the Plaintiff alleges that the Defendant "has manufactured, used, sold and offered for sale in the United States devices for separating immisci-

ble liquids, particularly oil-water mixtures" which infringe upon "one or more claims of the '800–patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator." (Document Nos. 1 & 13).

On November 29, 2004, the Defendant filed a Motion for Protective Order regarding a subpoena served by the Plaintiff upon Mr. Gary Aleck and Aleck Manufacturing (collectively "Aleck"). (Document No. 11). The Defendant observed that while "Aleck manufactures a variety of oil-water separators designed and sold" by the Defendant, the subpoena served upon Aleck was defective for the following reasons: (1) the Plaintiff failed to follow proper procedure regarding notice to the Defendant; (2) the Plaintiff failed to permit Aleck to respond to the subpoena by producing certain documents within a reasonable time; and (3) the request for documents went "far beyond the issues relevant" in the case *sub judice.* (Document No. 11). Specifically, the Defendant noted that the two products at issue in this civil action are the PSR and PSRC Model Rectangular Separators; therefore, any request for production regarding PS Model Cylindrical Separators went beyond the scope of discovery. *Id.*

On December 23, 2004, with leave of Court, the Plaintiff filed an Amended Complaint, which included additional claims against the Defendant. (Document No. 13). Specifically, the Plaintiff alleged that based upon deposition testimony of two of the Defendant's principals, additional claims against the Defendant were supported and warranted.[2] The following counts were added by the Plaintiff in its Amended Complaint: Count

---

1. The '800–patent "discloses and claims innovative and valuable inventions relating to devices and methods for separating immiscible liquids or for separating solids from such mixtures, for example, in the treatment of waste water containing materials such as oil, grease and sand." (Document No. 1).

2. The Plaintiff alleges that the two principals disclosed in deposition testimony for the above-captioned civil action that they had formed the Defendant company using "product designs, technical data, sales contracts, and other proprietary information purloined from their employer, McTighe Industries." (Document No. 12). Thereafter, the Plaintiff informed the Court

in its Motion to Amend Complaint (Document No. 12) that in 2003, the Plaintiff purchased "McTighe's assets, including its engineering designs and drawings." *Id.* Consequently, based upon the principals' deposition testimony, the Plaintiff asserts that its newly proposed claims "are inextricably intertwined with the facts underlying the patent infringement claim, i.e., the same technology, PSI's copying of designs, PSI's failure to generate its own designs, and PSI's disregard for the proprietary rights of others." *Id.* Accordingly, pursuant to Federal Rule of Civil Procedure 15, this Court granted Plaintiff leave to amend its original complaint. (Order, dated December 20, 2004).

II- Trade Secret Misappropriation; Count III- Violation of the Lanham Act; and Count IV- Copyright Infringement. *Id.*

On January 4, 2005, the Defendant filed a second Motion for Protective Order. (Document No. 14). This particular motion sought protection from the production of "privileged, confidential and commercial information". *Id.* In support of this motion, the Defendant asserted that the Plaintiff sought the production of documents from "various third parties, including South Dakota counsel for PSI, vendors of PSI, and perhaps even customers of PSI." *Id.* Furthermore, the Defendant alleged that these particular subpoenas were defective for essentially the same reasons alleged in Defendant's November 29, 2004 Motion for Protective Order. *Id.*

On January 6, 2005, upon its initial review of the Defendant's Motion for Protective Order (Document No. 14), the Court granted Defendant's Motion in part and denied Defendant's Motion in part as more fully stated in the following order:

AND NOW, the 6th day of January, 2005, upon consideration of Defendant's Motion for Protective Order (Document No. 14), the record of the case *sub judice,* and pursuant to the Federal Rules of Civil Procedure 26 and 45, IT IS HEREBY ORDERED that the Defendant's Motion is granted in part and denied in part.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) that persons or entities that have been served with subpoenas by Plaintiff in December 2004 and/or January 2005 are provided with thirty (30) days from the date of this Order to respond to any Subpoenas *Duces Tecum* served upon them;

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 45(c)(3)(B) PS International, Inc. is permitted to inspect the documents to be produced by the served parties prior to their production to Plaintiff, for privileged mate-

rial, and if any documents are withheld or redacted, PS International, Inc. shall provide a privilege log within ten (10) days of production of the document; and

IT IS FURTHER ORDERED that the Court shall reserve its ruling on the relevance of PSI's cylindrical separators, and the aforementioned subpoena issued by Plaintiff is not limited to the PSI's PSR and PSRC Model Rectangular Separators identified in Plaintiff's Original Complaint (Document No. 1), but also includes PSI's cylindrical separators included in Plaintiff's Amended Complaint (Document No. 12). (Document No. 15).

On January 11, 2005, the Defendant filed a Motion to Quash Subpoenas, or, in the alternative for Protective Order. (Document No. 17). Specifically, the Defendant was responding to Plaintiff's request for the production of documents from "First National Bank of Sioux Falls (hereinafter 'First National Bank'), the bank used by Defendant PSI", and the production of documents from "EFS Tank & Power Equipment[3] (hereinafter 'EFS')". (Document No. 17). Again, Defendant filed its protective motion regarding the production of these documents alleging essentially the same defects present in the aforementioned subpoenas served by the Plaintiff. (Document No. 17). In addition to the Motion to Quash Subpoenas, or, in the alternative for Protective Order (Document No. 17), the Defendant attached an order of court from the Southern District of South Dakota[4], which provided the following:

Pending is Defendant's Amended Motion to Quash Subpoenas, or in the Alternative, Motion for Protective Order (Doc. 6). Based upon a review of the motion, it appears the Plaintiff did not give notice to the opposing party as required by Federal Rule of Civil Procedure 45(b)(1). In addition, the subpoenas are overly broad. Finally, it is unclear as to why the subpoena for EFS Tank & Power Equipment, a non-

---

3. EFS is a California based company which the Plaintiff understands to have a business relationship with the Defendant based upon EFS's website which "prominently displayed" the Defendant's products. (Document No. 16).

4. Based upon representations by Defendant's counsel, as a precautionary measure, the Defen-

dant filed an identical Motion to Quash in South Dakota because Federal Rule of Civil Procedure 45(c)(3)(A) can be interpreted to require the Motion to Quash to be filed with the Court from which the subpoena was issued, rather than the court in which the case is pending. Accordingly, that Court's response was attached to the Defendant's similar motion filed with this Court.

party apparently located in California, is issued from South Dakota in a lawsuit pending in Pennsylvania. Accordingly, it is hereby

ORDERED that:

1. Defendant's Amended Motion to Quash (Doc. 6) is GRANTED.

2. The subpoena served on First National Bank of Sioux Falls is hereby quashed.

3. The subpoena served on EFS Tank & Power Equipment is hereby quashed.

Dated this 21st day of January, 2005.

(*Highland Tank & MFG. Co. v. PS International, Inc.*, Civil Action No. 05–4014, (D.S.D., January 21, 2005)).

In its review of the above-listed Defendant motions, the Court has determined that in the interest of thoroughness the Court will address the arguments presented by both parties, and the Court will address the relevant Federal Rules of Civil Procedure as they apply to each motion.

## DISCUSSION

### A. Rule 60(b)

■ Initially, the Court observes that district courts "have discretion to *sua sponte* reconsider their rulings." *In re Global Link Telecom Corp.*, 2002 WL 31385814, *2 n. 3 (Bankr.D.Del.2002). Specifically, a district court "may reconsider its prior rulings so long as it retains jurisdiction over the case." *U.S. v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004); (citing to *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir.2001)); *see also In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559 (E.D.N.Y.

1985), *aff'd*, 821 F.2d 139 (2d Cir.1987) ("Any request to lift or modify a protective order should be left to the sound discretion of the trial court.")(internal quotations and citations omitted); *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468, 471 (E.D.N.Y.1981) ("courts have ... lifted or modified their sealing orders ... [T]he court, in exercising its discretionary power to control and seal records, should weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.") (quotations and citations omitted); *cf.* Fed. R.Civ.P. 60(b)[5] (on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding) (quoted in *N.A.A.C.P. v. Acusport Corp.*, 216 F.Supp.2d 59, 61 (E.D.N.Y.2002)). Accordingly, the Court reconsiders its decision of Defendant's Motion for Protective Order filed on January 4, 2005.

On January 4, 2005, the Defendant urged that the Plaintiff's subpoenas requesting the production of documents pursuant to Federal Rule of Civil Procedure 45 were defective. Specifically, the Defendant alleged that the Plaintiff did not serve a copy of any of the subpoenas that were served upon various third parties on Defendant's counsel. (Document No. 14). Defendant also argued that the Plaintiff did not provide the Defendant with prior notice of its intent to seek the information from South Dakota counsel for the Defendant, vendors of the Defendant, and "perhaps even customers" of the Defendant. *Id.* Moreover, the Defendant asserted that the Plaintiff imposed an undue burden on the third parties who were served subpoe-

---

**5.** The Court also observes that the characterization of its January 7, 2005 order (Document No. 15) is determinative of whether the Court can *sua sponte* reconsider its ruling as the timing requirements set forth in the Federal Rules of Civil Procedure make the filing of motions significant. For example, Rule 59 motions to alter or amend judgment must be filed within ten business days from the entry of judgment. If a district court does not receive a motion filed pursuant to Rules 59(a) or (e), or act *sua sponte* under Rule 59(d), within ten days after the entry of judgment, then a district court loses jurisdiction to revisit the claims and defenses that the judgment resolved. Alternatively, Rule 60(b) motions to alter or amend the judgment may be filed "within a reasonable time" and "not more

than one year after the judgment, order, or proceeding was entered or taken." F..R.Civ.P. 60(b). As long as the district court never relinquishes jurisdiction over the case, then the court retains the power to reconsider its own ruling. *See U.S. v. Smith*, 389 F.3d at 948. Rule 60(b) motions do not, however, provide a means through which a losing party can relitigate claims. *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 79 (5th Cir.1970). Accordingly, the Court determines that its Order, dated January 7, 2005, did not relinquish this Court's jurisdiction to reconsider its ruling on the Defendant's Motion for Protective Order (Document No. 14), and pursuant to the authority granted under Rule 60(b), the Court revisits its earlier ruling in the case *sub judice*.

nas because the Plaintiff did not permit a reasonable time for compliance. *Id.* Finally, the Defendant opined that the information sought was "privileged, confidential and commercial information." *Id.*

The Court considered the Defendant's arguments regarding the Plaintiff's served subpoenas, as well as the Federal Rules of Civil Procedure 26 and 45. Based upon the broad standard for discovery set forth in Rule 26 and pursuant to the authority granted in Rule 45, this Court modified the subpoenas [6] in order to correct the defects in Plaintiff's subpoenas. (Document No. 14, Exhibit A, a copy of a subpoena served by the Plaintiff on K & L Steel). However, upon further review of additional documents sought by the Plaintiff, the Order from the District Court of South Dakota produced by the Defendant, and the jurisdictional requirements set forth by Rule 45, the Court revisits its January 7, 2005 Order.

## B. Rule 45

◼ Generally, Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents.[7] Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45. In order to properly command a nonparty to produce documents for inspection and copying, it must appear that the documents subpoenaed are within the control of the nonparty witness. Therefore, even if a district court has personal jurisdiction over the nonparty witness, the court may not compel production of documents over which the witness does not have control. *Ariel v. Jones,* 693 F.2d 1058, 1060 (11th Cir.1982). Accordingly, in order to assure production of documents from a nonparty witness, the subpoena should command production in the district court where the witness resides or where the headquarters of the witness are located.

◼ Rule 45 also requires that the content of the subpoena properly state the name of the district court and the title of the action for which the subpoena is to be served, i.e., the "heading" of the subpoena. *See generally Kupritz v. Savannah College of Art & Design,* 155 F.R.D. 84 (E.D.Pa.1994). Furthermore, the content of the subpoena must include the name of the person to whom it is directed to produce and permit inspection and copying of designated documents. Fed. R.Civ.P. 45(a). These documents must be sufficiently described in the subpoena. Fed. R.Civ.P. 45(a)(1)(C). Otherwise, an overly broad subpoena may be subject to a motion to quash as it imposes an undue burden on the subpoenaed party. A subpoena may also be quashed or modified if the court determines that the documents to be produced are irrelevant or otherwise protected matter to which no exception or waiver applies [8].

6. Pursuant to Fed.R.Civ.P. 45(c)(3)(A), a district court shall quash or modify a subpoena if it fails to allow reasonable time for compliance.

7. In federal practice, a Rule 45 subpoena command to a nonparty to produce books and records for inspection and copying is the *only* method by which document inspection may be obtained from non-parties. Rule 45(a)(1)(C). Furthermore, a subpoena may command production of documents with or without a deposition. *Id.*

8. Although this Court ultimately determines that the merits of Defendant's arguments regarding relevance and undue burden on the nonparty witnesses subpoenaed in the case *sub judice* are not properly before this Court, the Court observes the discovery standards set forth in Rule 26. For example, Rule 26 provides that a party may seek through discovery information that is relevant. Fed.R.Civ.P. 26(b)(1). Information is relevant if it is admissible, or "reasonably cal-

culated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). If a party objects to the production of information or documents on the basis of relevancy, then the objecting party "must show specifically how each [request] is not relevant ...." *Josephs v. Harris Corp.,* 677 F.2d 985, 991–92 (3d Cir.1982). Additionally, if a party objects to the production of documents based upon an undue burden, Rule 26 provides in part that:

[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit ....

Rule 45 "was extensively amended in 1991 to, among other things, 'clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence[.]'" Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45 (quoted in *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D.Del.2003)). For example, subdivisions (c) and (d), entitled "Protection of Persons Subject to Subpoenas" and "Duties in Responding to Subpoenas" respectively, was included in order "to ensure that the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena." *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284, 289–290 (D.Virgin Island 1998).

■ The 1991 amendments also modified the former requirement that a subpoena can only be issued by the clerk of the court. *Productos Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226, 228 (D.Puerto Rico, 1992). Presently, attorneys, as officers of the court, are also permitted to issue subpoenas. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45. A subpoena issued by an attorney is in a sense a command of the attorney who completed the form to produce. *Id.* Defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions. *Productos Mistolin, S.A.*, 141 F.R.D. at 228.

■ Additionally, an attorney, as an officer of the court and who represents a client in a federal court, even one admitted pro hac vice, has the same authority as a clerk to issue a subpoena from any federal court for the district in which the subpoena is served and enforced. Rule 45(a)(3). In other words, an attorney with a federal case pending in Pennsylvania can issue subpoenas for the production of documents in a case on behalf of any district court in the United States.[9] *See Kupritz v. Savannah College of Art & Design*, 155 F.R.D. at 87.

■ Attorneys issuing subpoena must attend to the other requirements of Rule 45. For instance, Rule 45 sets forth that a subpoena shall issue from the court for the district in which the deposition is to be taken, or in which the records are to be produced or the inspection is to be made. Fed.R.Civ.P. 45(a)(2). The issuing court may or may not be the court where the action is pending. For example, if the action is pending in a federal court in Pennsylvania, however a deposition is being taken in New York, then the subpoena must issue from the appropriate district of New York even though the case is pending in Pennsylvania. *See Productos Mistolin, S.A.*, 141 F.R.D. at 229; *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284, 289 (D.Virgin Island 1998); *Lieberman v. American Dietetic Ass'n*, 1995 WL 250414, *1 (N.D.Ill., 1995). Similarly, a "district court cannot issue a subpoena ... to a nonparty for the production of documents located in another district." *Anderson*, 180 F.R.D. at 289; *See Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir.1993), *cert. denied*, 510 U.S. 1073, 114 S.Ct. 882, 127 L.Ed.2d 77 (1994). In other words, a nonparty can only be compelled by an issuing court to produce documents within "certain geographic limita-

---

Fed.R.Civ.P. 26(b)(2). In addition to relevancy objections, Rule 45 provides that the court shall quash or modify a subpoena upon finding that it fails to allow reasonable time for compliance or otherwise subjects to witness to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(1), (iv). Nevertheless, while Rules 26 and 45 provide protections for nonparty witnesses compelled to produce documents, "just as with relevance, under the holding of *[McLeod, Alexander, Powel & Apffel v.] Quarles*, [894 F.2d 1482 (5th Cir.1990)], a general objection based upon undue burden will not suffice, but that the objecting party must show the fallacies of each objected to request." *Peoples Benefit Life Ins. Co. v. Dale*, 2001 WL 34012294, *8

(S.D.Miss.2001)(citing to *Quarles*, 894 F.2d at 1485).

9. The Court observes, however, that as an officer of the court, an attorney also has an "increased responsibility and liability for the misuse of this power." *Productos Mistolin, S.A.*, 141 F.R.D. at 228. For example, pursuant to Rule 45(c) sanctions may be imposed upon an attorney by the "court on behalf of which the subpoena was issued" for breach of his duty as an officer of the court. Accordingly, any subpoena served upon a nonparty witness that is determined by a court to be both intrusive and expensive may be challenged by the nonparty witness. Fed.R.Civ.P. 45(c)(3)(A).

tions, usually no more than 100 miles from the nonparty's location." *Anderson,* 180 F.R.D. at 289. Furthermore, any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere. *Fincher v. Keller Industries, Inc.,* 129 F.R.D. 123, 125 (M.D.N.C.1990).

### 1. Motion for Protective Order, January 4, 2005 (Document 14)

██ On January 4, 2005, the Defendant filed a second Motion for Protective Order. (Document No. 14). This particular motion sought protection from the production of alleged "privileged, confidential and commercial information". *Id.* For example, the Defendant asserted that the Plaintiff sought the production of documents from "various third parties, including South Dakota counsel for PSI, vendors of PSI, and perhaps even customers of PSI." *Id.*

Although the Court was not supplied with each subpoena served by the Plaintiff, the Court will address the validity of the subpoena attached to the Defendant's Motion for Protective Order at Document No. 14.

Initially, the Court observes that the civil claim in the case *sub judice* is pending in the Western District Court of Pennsylvania at Civil Action No. 3:02–100J. The Court also notes that the Plaintiff's subpoena requests the production of documents from K & L Steel, a company headquartered in Twin Falls, Idaho. Consequently, the Court determines that the Plaintiff's subpoena is defective on several grounds.

First, the Plaintiff's subpoena is issued with the heading of the District Court of South Dakota and directed to an entity located far outside the geographic reach of South Dakota's civil jurisdiction, namely an entity in Idaho. Rule 45 specifies that the court from which this particular subpoena shall issue is the court for the district in which the records are to be produced or the inspection is to be made. Fed.R.Civ.P. 45(a)(2). Accordingly, the appropriate issuing court in the particular circumstance is the District of Idaho, where the nonparty witness resides or has its headquarters.[10]

Second, the Plaintiff's subpoena commands the recipient, K & L Steel, to produce documents to Plaintiff's counsel's office located in the Western District of Pennsylvania. Even though the Plaintiff seeks this Court's intervention in the enforcement of its subpoena, this Court cannot order a nonparty outside of its jurisdiction to produce and permit the inspection of documents located in the District of Idaho to be produced in the Western District of Pennsylvania through a subpoena issued from the District Court of South Dakota.

Thus, the Court determines that Plaintiff's subpoena fails to include the proper heading, and the subpoena improperly directs the nonparty witness to produce documents beyond the geographic range envisioned by Rule 45. Moreover, there is no provision in Rule 45 granting the service of a subpoena in South Dakota for the production of documents in Idaho. The Court also notes that there is no provision authorizing this Court to either enforce or modify the subpoenas obtained from the District Court of South Dakota. Additionally, relevant case law confirms that this Court lacks jurisdiction to rule upon

---

**10.** The Court observes that the language of Rule 45 requiring that the production of documents shall be issued from the court in which the records are to be produced should be read concurrently with the underlying purposes of Rule 45. For example, the protections afforded by amended Rule 45 are at least twofold: (1) the protection of the nonparty witness, and (2) the protection of an interest that the issuing court has in the enforcement of the subpoena. Specifically, Rule 45 serves to "protect ... persons who are required to assist the court by giving information and evidence...." Fed.R.Civ.P. 45, Adv. Comm. Note on 1991 Amendments. Furthermore, the "practice commentaries to the rule explain that a motion to compel under Rule 45(c)(2)(B) 'should, like the motion to quash or modify' ..., be made to the court from which the subpoena issued, which 'will presumably be a court in a district convenient to the nonparty' since it is 'of course the nonparty whose convenience Rule 45 is most concerned about protecting.'" David D. Siegel, Practice Commentaries, Fed.R.Civ.P. 45 (quoted in *U.S. v. Star Scientific, Inc.,* 205 F.Supp.2d 482, 484–485 (D.Md.2002)). Accordingly, the Court notes that the Plaintiff failed to protect the convenience of the nonparty witness by directing production to the Western District of Pennsylvania, and the Plaintiff failed to observe the interest that the District Court of Idaho would have in enforcing a subpoena directed at the nonparty witness, K & L Steel.

Plaintiff's subpoena found at Document No. 14, Exhibit A.[11]

Accordingly, this Court vacates the above-referenced Order of January 7, 2005 and remits the instant discovery dispute to the District Court of South Dakota, a court which is in a superior position to determine the merits of the Plaintiff's subpoenas at issue in Defendant's Motion for Protective Order, filed January 4, 2005.

### 2. Motion for Protective Order, November 29, 2004 (Document 11)

On November 29, 2004, the Defendant filed a Motion for Protective Order regarding a subpoena served by the Plaintiff upon Mr. Gary Aleck and Aleck Manufacturing (collectively "Aleck"). (Document No. 11). The Defendant raised several objections regarding the production of these documents, such as relevancy and undue burden on the nonparty witness Aleck. *Id.*

Initially, the Court observes that the Plaintiff's subpoena at issue in Defendant's Motion, Document No. 11, reflects similar defects that existed in the above-mentioned subpoena. For example, the Defendant's Exhibit A attached to Document No. 11 is a copy of Plaintiff's subpoena issued by the District of South Dakota to the nonparty witness Aleck in Harrisburg, SD. While the Plaintiff appears to have sought the correct district court, in that the subpoena was issued to a witness within the geographic boundaries envisioned by Rule 45, the Plaintiff incorrectly directed the nonparty witness to produce documents in the Western District of Pennsylvania, far beyond the geographic reach of the District Court of South Dakota. Additionally, the defects raised by the Defendant also weigh in favor of quashing the Plaintiff's subpoena attached at Document No. 11. However, this Court, for the same reasons stated above in subsection 1, lacks jurisdiction to enforce and/or modify a subpoena issued by the District Court of South Dakota. Accordingly, the Court remits the instant discovery dispute to the District Court of South Dakota.

### 3. Motion to Quash Subpoenas, or in the Alternative, Motion for Protective Order, January 11, 2005 (Document 17)

With regard to this Court's determination of Defendant's Motion for Protective Order, filed January 11, 2005, this Court again remits this discovery dispute to the District Court of South Dakota, as it was the issuing district court regarding the discovery material sought. Furthermore, the Court observes that the District Court of South Dakota has already rendered its decision regarding Plaintiff's subpoena at issue at *Highland Tank & MFG. Co. v. PS International, Inc.,* Civil Action No. 05–4014, (D.S.D., January 21, 2005). Accordingly, any objection to that ruling should be directed to the appropriate court, the District Court of South Dakota.

---

11. The Court further observes that while the District Court of South Dakota has exclusive jurisdiction to rule on subpoenas issued by that court, it may in its discretion remit the matter to the court in which the action is pending. Fed. R.Civ.P. 26(c); *see Central States, Southeast & Southwest Areas Pension Fund v. Quickie Transport Co.,* 174 F.R.D. 50, 52 n. 1 (E.D.Pa.1997) ("remit[ting]" discovery dispute involving non-party subpoenas, a process which involved not transferring the dispute, but denying a motion for a protective order while granting the party seeking the order leave to renew its request before the court handling the underlying dispute). *Cf. Productos Mistolin v. Mosquera,* 141 F.R.D. 226, 227 (D.P.R.1992)(cited in *U.S. v. Star Scientific, Inc.,* 205 F.Supp.2d at 486 n. 4).