## PHILADELPHIA EXTRACTING CO. v. KEYSTONE EXTRACTING CO. et al.

(Circuit Court, E. D. Pennsylvania. February 14, 1910.)

### No. 401.

1. INJUNCTION (§ 56*)—DISCLOSURE OR USE OF TRADE SECRETS.

    Where complainant was the owner of an unpatented secret process for extracting alcohol from empty whisky barrels, and for many years had employed the same, using reasonable precautions to insure secrecy, its servants necessarily intrusted with knowledge of the process being enjoined not to disclose any of its steps, complainant was entitled to restrain an ex-servant, who had learned the process during his service, from communicating the same to others and using such information to organize a competing business on his own account.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*

    Disclosure of trade secrets, see note to S. Jarvis Adams Co. v. Knapp, 58 C. C. A. 8.]

2. INJUNCTION (§ 113*)—LACHES.

    Laches was no defense to a master's right to an injunction to restrain an ex-servant's future use of a secret process disclosed to the servant in the course of his employment by complainant.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 198, 199; Dec. Dig. § 113.*]

In Equity. Suit by the Philadelphia Extracting Company against the Keystone Extracting Company and others. On motion for preliminary injunction. Granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Duane, Morris & Heckscher, for complainant.

Ira J. Williams and Simpson & Brown, for respondents.

J. B. McPHERSON, District Judge.    Upon the hearing of this mo-tion I enjoyed the advantage of listening to the examination and cross-examination of the witnesses in open court; and I believe, therefore, that the case is practically presented as if on final hearing.    In my opinion the facts and the proper legal conclusions therefrom may be briefly stated as follows:

1. The plaintiff is the owner of a secret process for extracting alcohol from empty whisky barrels.

2. This process is not patented, and has been employed by the plaintiff for several years.    Reasonable precautions have been taken to insure secrecy; and, among these, the plaintiff's servants who were necessarily intrusted with knowledge of the process have been enjoined not to disclose any of its steps.

3. Davies, one of the defendants, learned the process fully during a service of two years as engineer.    While still in the plaintiff's employ he determined to use his information by going into the business upon his own account.    In the effort to attain this object he interested the other two individual defendants in his plan, and Christopher Koch furnished the capital with which the defendant corporation was organized and has been carrying on business.

4. The process by which the defendants extract alcohol from barrels is essentially the secret process that was thus betrayed by Davies, although it may perhaps be combined with the use of a jet of steam. This combination, however, if it exists at all, does not need special attention.    It does not constitute a new method of operation, although in one particular—the better protection of the barrels—it may be an improvement on the secret hot air process of the plaintiff.

5. I do not think that the plaintiff is chargeable with laches.    But, even if laches be assumed to exist, the plaintiff should not be estopped from enjoining the use of its secret process in the future.    Whether damages may be recovered for infringement in the past is a question that need not now be decided; but it seems to me that the plaintiff's right to restrain the continuance of the defendants' flagrant misconduct has not been impaired.

6. The evidence does not prove that the process has in effect been thrown open to the public, or has been so negligently guarded that other persons have probably discovered it by means that were not unfair.

7. In my opinion the disclosure by Davies was a clear breach of trust, by which neither he nor the other defendants should be allowed to profit.

Upon the plaintiff's filing of a bond in the sum of $2,500, a preliminary injunction will be awarded.