## ERASTUS S. KIMBALL *vs.* WILLIAM HALL.

Third Judicial District, Bridgeport, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff, who was engaged in the jobbing and repairing business of cutting and welding metals by the so-called Oxy-acetylene or oxycarbide process, adopted, registered and used as a form of advertisement the catch-phrase "Send it to Oxy," and as a result was generally known in the trade and among his customers as "Oxy." The defendant, a competitor on the same street, displayed a new sign on the front window of his shop, reading *OXY Acetylene Welding & Cutting*, whereupon the plaintiff's business fell off about fifty per cent. while this sign was displayed and began to recover as soon as it was taken down. In a suit to recover damages it was *held:*—

1. That while not a technical trade-mark, the phrase "Send it to Oxy" was a distinctive form of advertisement which had come to be associated with the plaintiff, who was entitled to protection against any unfair appropriation of it by the defendant.

2. That the only practical test of infringement or unfair appropriation in cases of this kind was the actual or probable result of the defendant's conduct, which, in the present case, was certainly likely to deceive persons who were looking for the plaintiff, and to cause him to lose their patronage.

3. That standing alone and unexplained, the evidence of the plaintiff's loss of business and its cause made out a prima facie case of actionable wrong and resultant damage, and therefore he should not have been nonsuited.

Argued October 30th—decided December 20th, 1913.

ACTION to restrain the defendant from the further use of a trade-name alleged to belong to the plaintiff, and for damages, brought to the Court of Common Pleas in New Haven County where the plaintiff was nonsuited in a trial to the court, *Wolfe, J.*, from which judgment he appealed. *Error and new trial ordered.*

*George E. Beers* and *Maximilian von Hoegen,* for the appellant (plaintiff).

*L. Erwin Jacobs,* for the appellee (defendant).

BEACH, J. The complaint as originally brought included a prayer for an injunction, which was afterward withdrawn, and the case tried to the court as an action for damages. The following facts appear in the plaintiff's case in chief: Plaintiff, who was engaged in the jobbing and repairing business of cutting and welding metals by the so-called Oxy-Acetylene or Oxy-Carbide process, adopted and used as a form of advertisement the catch-phrase "Send it to Oxy." He registered the phrase under the statute (§ 4899) before bringing this action. As the result of using this phrase for more than five years, on stationery and in other forms of

advertising, he was generally known in the trade and among his customers as "Oxy."

The defendant, trading under the name of the New Haven Welding Company, was engaged in the same business in competition with the plaintiff, and occupied a shop on a continuation of the same street. In December, 1912, the defendant displayed a new sign on the front window of his shop, in the following form:—

OXY
Acetylene
Welding &
Cutting.

Coincidently with the appearance of this sign, the plaintiff's business fell off, as shown by his books, and did not recover to its former proportions until after the sign was taken down. Some of his customers asked him whether he had moved his place of business down on to Broadway; others complained of work not done by him; and in one instance a customer asked him to replace a piece of work which he mistakenly supposed the plaintiff had done. At the close of the plaintiff's evidence, the trial court granted a motion for judgment as of nonsuit, on the ground that the plaintiff had shown no violation upon the part of the defendant of any right which the plaintiff might have to the use of the word "OXY," and also on the ground that the plaintiff had proved no damages resulting from such use.

We think the trial court erred in granting the motion and in refusing to set aside the nonsuit. The catch-phrase "Send it to Oxy," though not a technical trade-mark, is a distinctive form of advertisement which had come to be associated with the plaintiff, and he is entitled, as well in equity as under the statute, to be protected against any unfair appropriation of it by a competitor. The only practical test of infringe-

ment or unfair appropriation in these cases is to look at the actual or probable result of the defendant's conduct.

Here the plaintiff's distinctive form of advertisement takes the shape of an invitation to send it to "Oxy," and the defendant puts up in his window a sign of which the most prominent word is "Oxy" standing by itself, and in larger letters than the rest of the sign. This is certainly liable to induce persons looking for "Oxy" to believe that they had found him; and the evidence indicates that it did have that effect.

As to the damages, the evidence is that the plaintiff's credit business fell off about fifty per cent. during the time the defendant's sign was displayed, and began to recover as soon as it was taken down. Perhaps the defendant might have been able to show some other efficient cause for this loss of business, or that he got none of it; but, standing without contradiction or other explanation, the plaintiff's testimony made out a prima facie case of actionable wrong and resultant damage. Whether the evidence offered any reasonable basis for fixing the amount of the plaintiff's damages is a question which need not be considered. It is sufficient in law to support a judgment for nominal damages, and the plaintiff was therefore entitled to go to a hearing on the merits.

There is error and a new trial is ordered.

In this opinion the other judges concurred.