# Chas. H. Elliott Co. *v.* Skillkrafters, Inc., et al., Appellants.

*Trade-marks — Unfair competition — Deceptive imitation of articles—Fraud—Presumption—Advertisement—Equity—Decree.*

1. The mere copying of an unpatented article of trade, is a permissible act, in the absence of any representation that the product offered was that of another, unless there is a breach of trust or contract.

2. But where such goods are cast into a distinctive form, unnecessary and deceptive imitation of size, shape and structure of the article itself, will be enjoined as unfair competition.

3. The goodwill of a manufacturer is not to be destroyed through needless simulation by others, if the exercise of a reasonable precaution to protect it will impose no substantial restriction on the right of another to make and sell.

4. If the effect of copying or imitating the size, shape and structure of an article, is to mislead, a fraudulent intent is inferred, and proof of actual deception is not necessary to the granting of relief.

5. A demand for goods created by advertising belongs to the advertiser.

6. A decree restraining the sale of articles imitating the product of the plaintiff and directing an accounting of profits, should be limited to plaintiff's designs and the profits derived therefrom.

7. A decree permanently enjoining the sale of such articles and requiring delivery of impressions or reproductions of them and the delivery of lists of names and addresses of plaintiffs customers, and others to whom catalogues were sent, should be limited to imitations and reproductions of plaintiffs' designs only, and to the names and addresses of which a record was kept or which could be recalled.

Argued April 27, 1921. Appeal, No. 440, Jan. T., 1921, by defendants, from decree of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1733, on bill in equity, in case of Chas. H. Elliott Co. v. Skillkrafters, Inc., a corporation, Frederick A. Schimp, Albert F. Diemand, Thomas Von Trott and Rhoda McDaid. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Decree modified.

Bill in equity for injunction. Before STAAKE, J.
The opinion of the Supreme Court states the case.
Injunction awarded. Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*W. Horace Hepburn, Jr.,* with him *Earle Hepburn,* for appellants, cited: Putnam Nail Co. v. Dunlaney, 140 Pa. 205; Hoyt v. Hoyt, 143 Pa. 623; Lafean v. Weeks, 177 Pa. 412; Leschen & Sons Rope Co. v. Broadrick Rope Co., 201 U. S. 166; Crescent Tool Co. v. Kilborn & Bishop Co., 247 Fed. R. 299.

*Edward Hopkinson, Jr.,* of *Dickson, Beitler & McCouch,* for appellee.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:
In 1916, the plaintiff company began the manufacture and sale of pins and rings, specially designed as class

and college emblems. It developed a considerable trade in the articles which it produced, and its wares had become known in many institutions through its catalogues, and the actual users of its designs. In its employ, until 1918, were the individual defendants named in this proceeding, who, subsequently, formed the corporation complained of, which established a business of like character, appealing to the same class of customers. The Elliott Company complained of the manner in which the new corporation conducted its dealings, and filed the bill, which is the basis of the present proceeding, to restrain alleged unfair competition. After hearing, a permanent injunction was granted.

The learned chancellor has found, upon sufficient evidence, that certain employees of plaintiff took advantage of their position to secure copies of the designs and dies in use by it, and likewise obtained, surreptitiously, lists of the Elliott Company's customers for goods of the character manufactured. With this information, they formed the Skillkrafters Corporation, and began business in competition with their former employer. A catalogue was prepared and issued, giving illustrations of the work it was prepared to offer. The wording used therein would lead the public to infer that like pins and rings had previously been made and placed upon the market by it, which was not the fact. Eleven of the thirty-seven pictures were, in effect, identical with the designs used and sold by the Elliott Company, with the distinctive marking and lettering, and nineteen others substantially the same. A large number of these circulars were forwarded to the schools and colleges with which the plaintiff had been doing business, as well as to its other known customers.

The defendants justified their conduct on the ground that there was no infringement of any trade-mark or copyright, but merely the copying of an unpatented article of trade—a permissible act, in the absence of any representation that the product offered was that of an-

other. As a general proposition this is true (Putnam Nail Co. v. Dulaney, 140 Pa. 205; Lafean v. Weeks & Co., 177 Pa. 412), unless there be a breach of trust or contract; "but where goods are cast into a distinctive form, unnecessary and deceptive imitation of the size, shape and structure of the article itself, will be enjoined as unfair competition": 38 Cyc. 844. The goodwill of a manufacturer is not to be destroyed through needless simulation by others if the exercise of reasonable precaution to protect it will impose no substantial restriction on the right of another to make and sell. "When a person not only copies the general design, but also copies or imitates the peculiar features, marks or devices, tending to produce confusion in the minds of intending purchasers and to mislead them into purchasing his goods in place of those of the original maker, unfair competition results which may be restrained," 26 R. C. L. 880. The authorities thus holding in this state have been so satisfactorily collated in Pennsylvania Cent. Brewing Co. v. Anthracite Beer Co., 258 Pa. 45, that repetition here is unnecessary. If the effect may be to mislead, a fraudulent intent is inferred, and proof of actual deception is not necessary to the granting of relief: Heinz v. Lutz, 146 Pa. 592.

In the present case, it is evident that the designs of the defendant company, with the same distinguishing features as those appearing in the catalogue of plaintiff, and sent to the trade which it had by previous effort built up, and with which it dealt, will have the effect of confusing the prospective buyer. "A demand for goods created by advertising belongs to the advertiser; and he will be protected therein against unfair competition by another who seeks in any way to take advantage of such advertisement to sell his own goods": 38 Cyc. 762; Kimball v. Hall, 87 Conn. 563; cf. Shaw v. Pilling, 175 Pa. 78.

For the reasons stated, the general result reached by the learned court below is correct. The decree entered is, however, in certain respects, too broad. In the first

paragraph, the restraint from soliciting and accepting orders should be limited to those emblems which are the designs of plaintiff. In the second, the profits to be accounted for should be such as come from the sale of the Elliott Company's emblems. The third should direct the delivery of such impressions or reproductions of the pins and rings appearing in the catalogue, being Nos. 500 to 518, inclusive, 525 to 534, inclusive, O. H. Stone and S. H. Stone, and also the list of names and addresses of the customers of the Elliott Company which may be in the defendants' possession. As it may well be an impossibility for defendant to supply the mailing list containing the names of all parties to whom catalogues were sent, the fourth paragraph should be qualified so as to cover only such names as to which a record was kept, or which can be recalled.

Having these views, a specific reference to the many assignments of error is unnecessary; except as to the complaint directed to the decree entered, all are overruled.

It is ordered that the record be remitted to the court below with instructions that the decree be amended as suggested.

As modified, the decree is affirmed at the costs of the appellants.