**SHEPPARD et al. v. AMERICAN DREDGING CO.**

Civil Action No. 5772.

District Court, E. D. Pennsylvania.
April 14, 1948.

Abraham A. Levinthal, of Philadelphia, Pa., for plaintiff.

Joseph W. Henderson, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case arises on a motion to dismiss. Plaintiffs are towboat workers suing for unpaid compensation due them under the Fair Labor Standards Act, 29 U.S.C.A. § 207. Defendant has filed its motion alleging that plaintiffs are not covered by the Fair Labor Standards Act and that, in any event, the suit is barred because defendant has acted in good faith in conformity with and in reliance on an administrative interpretation. 29 U.S.C.A. § 258.

I do not feel either contention justifies dismissal of the complaint. Motions to dismiss should be granted sparingly and confined to those situations where the complaint discloses that plaintiff cannot possibly prove a case entitling him to relief. In its first contention, defendant relies upon 29 U.S.C.A. § 213(a)(3), which provides that:

"The provisions of section 206 and 207 of this title shall not apply with respect to * * * (3) any employee employed as a seaman * * *."

Section 3 of Interpretive Bulletin No. 11, issued by the Wage and Hour Administrator in 1939, provided (2 CCH Labor Law Svc. par. 32, 111):

"An employee will ordinarily be regarded as 'employed as a seaman' if he performs, as master or subject to the authority, direction, and control of the master aboard a vessel, service which is rendered *primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character.* (Emphasis supplied.)

This language has been reissued verbatim as Section 783.2, Paragraphs (a) and (b) in the revised Regulations of the Wage and Hour Division. 12 F.R. 5962. Authority may support defendant's contention that plaintiffs are "seamen" within the language of the administrative interpretation. Cf. cases in 161 A.L.R. 832; Walling v. Keans-

burg Steamboat Co., 3 Cir., 162 F.2d 405, 406. However, that interpretation, upon which defendant relies and which carries great weight, itself makes clear that the inquiry in each case is of a factual nature. See Anderson v. Manhattan Lighterage Corp., 2 Cir., 148 F.2d 971, 973. Therefore, though the likelihood of their doing so may not be great, I do not feel that plaintiffs cannot prove a case. Nor does defendant's second contention justify dismissal of the complaint. It raises the defense of good faith reliance upon an administrative interpretation, which at this stage of the pleadings is certainly an issue of fact, to be proved, or at least disposed of by admission or stipulation. Accordingly, therefore, defendant's motion to dismiss must be denied. An order will be entered in accordance with this opinion.