**HIGHLAND TANK & MFG. CO., Plaintiff,**

v.

**PS INTERNATIONAL, INC., Defendant.**

No. CIV.A. 3:04–100.

United States District Court, W.D. Pennsylvania.

Aug. 30, 2005.

Charles H. Dougherty, Jr., Gene A. Tabachnick, Joshua S. Bish, Reed Smith, Pittsburgh, PA, for Plaintiff.

Alan G. Towner, Eric G. Soller, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION and ORDER

GIBSON, District Judge.

### SYNOPSIS

This matter comes before the Court on Defendant, PS International, Inc.'s (hereinafter "Defendant") Motion to Dismiss and Brief in support thereof (Document Nos. 19, 20) and the Defendant's Motion to Quash Subpoenas, or in the alternative, a Motion for a Protective Order. (Document No. 23). Furthermore, this matter comes before the Court on the Plaintiff, Highland Tank & Mfg. Co.'s, Motion to Compel Discovery. (Document No. 18).

### JURISDICTION AND VENUE

Jurisdiction over this civil action is proper pursuant to 35 U.S.C. § 1 *et seq.*, Patent Laws of the United States (hereinafter "Patent Act"), 15 U.S.C. § 1051 *et seq.*, the Lanham Act, 17 U.S.C. § 101 *et seq.*, the Copyright Act of 1976, and pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 based on federal question jurisdiction. Jurisdiction over the state law trade secret claim is proper pursuant to 28 U.S.C. § 1367, supplemental jurisdiction. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) for acts of infringement allegedly committed in this judicial district. (Document No. 13). This Court further determines that it lacks jurisdiction to consider Defendant's Motion

to Quash Subpoenas, or in the alternative, Motion for a Protective Order. (Document No. 23). This Motion is essentially identical to Motions at Document Nos. 11, 14, 17, and 17–2. This Court lacks jurisdiction to consider Defendant's current Motion to Quash Subpoenas, or in the alternative, Motion for a Protective Order for the same reasons addressed in this Court's Memorandum Opinion and Order dated February 18, 2005. *Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227 F.R.D. 374 (W.D.Pa.2005). As to the Plaintiff's Motion to Compel Discovery (Document No. 18), the Court determines that this matter is properly before the Court pursuant to FED. R. CIV. P. 37(a)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2004, Highland Tank & Mfg. Co. (hereinafter "Plaintiff") filed a Patent Infringement claim (hereinafter "Count One") against the Defendant. The Plaintiff avers that the Plaintiff is the "owner by assignment of United States Patent No. 4,722,800 (the '800 patent)", which was issued on February 2, 1988 and titled "Oil–Water Separator."[1] (Document No. 1). However, the Plaintiff alleges that the Defendant "has manufactured, used, sold and offered for sale in the United States devices for separating immiscible liquids, particularly oil-water mixtures" which infringe upon "one or more claims of the '800 patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator." (Document Nos. 1 & 13).

On December 23, 2004, with leave of Court, the Plaintiff filed an Amended Complaint, which included additional claims against the Defendant. (Document No. 13). Specifically, the Plaintiff alleged that based upon deposition testimony of two of the Defendant's principals, additional claims against the Defendant were supported and warranted.[2] The following counts were added by the Plaintiff in its Amended Complaint: Count Two–Trade Secret Misappropriation; Count Three–Violation of the Lanham Act; and Count Four–Copyright Infringement. *Id.*

On January 11, 2005, the Plaintiff filed a Motion to Compel Discovery. (Document No. 18). The following day, the Defendant filed a Motion to Dismiss Counts Two, Three, and Four of Plaintiff's Amended Complaint and Brief in support thereof. (Document Nos. 19, 20). The Defendant filed its Motion to Quash Subpoenas, or in the alternative, Motion for a Protective Order on February 1, 2005. (Document

---

1. The '800–patent "discloses and claims innovative and valuable inventions relating to devices and methods for separating immiscible liquids or for separating solids from such mixtures, for example, in the treatment of waste water containing materials such as oil, grease and sand." (Document No. 1).

2. The Plaintiff alleges that the two principals disclosed in deposition testimony for the above-captioned civil action that the two principals formed the Defendant company using "product designs, technical data, sales contracts, and other proprietary information purloined from their employer, McTighe Industries." (Document No. 12). Thereafter, the Plaintiff informed the Court in its Motion to Amend Complaint (Document No. 12) that in 2003, the Plaintiff purchased "McTighe's assets, including its engineering designs and drawings." *Id.* Consequently, based upon the principals' deposition testimony, the Plaintiff asserts that its newly proposed claims "are inextricably intertwined with the facts underlying the patent infringement claim, i.e., the same technology, PSI's copying of designs, PSI's failure to generate its own designs, and PSI's disregard for the proprietary rights of others." *Id.* Accordingly, pursuant to Federal Rule of Civil Procedure 15, this Court granted Plaintiff leave to amend its original complaint. (Order, dated December 20, 2004).

No. 23). This Motion has already been addressed in this Memorandum Opinion and Order under the Jurisdiction and Venue section. This Court first considers the Defendant's Motion to Dismiss.

### RULE 12(b)(6), GENERALLY

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir. 1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *D.P. Enters.,* 725 F.2d at 944.

*Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir.1994). In considering a Rule 12(b)(6) motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding whether the plaintiff is entitled to offer evidence to support claims. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974).

[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only it if appears to a certainty that the plaintiff cannot state a claim.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3rd ed.2004)(footnotes omitted).

### Trade Secret Misappropriation

The Defendant argues that this Court should dismiss Count Two of Plaintiff's Amended Complaint (Document No. 13) because Plaintiff's secrets were revealed in their expired "McCarthy Patent" and their secrets were otherwise widely circulated. (Document No. 20). Moreover, the Defendant asserts that Count Two is barred by the statute of limitations, laches, and claim preclusion.

### 1. Choice of Law

■ The Plaintiff seeks relief under both South Dakota and Pennsylvania trade secret law. This Court recognizes that it must apply the *Erie* doctrine to state law claims before the Court pursuant to its supplemental jurisdiction. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966). The Third Circuit has stated that "...before a choice of law question arises, there must actually be a conflict between the bodies of law." *On Air*

*Entm't Corp. v. Nat'l Indem. Co.*, 210 F.3d 146, 149 (3rd Cir.2000). Accordingly, this Court will compare South Dakota's and Pennsylvania's trade secret laws.

## A. South Dakota

South Dakota's trade secret laws are codified at S.D. CODIFIED LAWS § 37–29–1 (2005) *et seq.* A "Trade Secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that...[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and...[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." S.D. CODIFIED LAWS § 37–29–1(4) (2005). The existence of a trade secret is a mixed question of law and fact. The legal question is whether that which is offered as a trade secret could legally be considered a trade secret within the meaning of the first portion of S.D. CODIFIED LAWS § 37–29–1(4) (2005), viz., the portion referring to a "formula, pattern, compilation, program, device, method, technique, or process...." *Paint Brush Corp. v. Neu,* 599 N.W.2d 384, 389 (S.D.1999). Furthermore, the statute provides that "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by exercise of reasonable diligence should have been discovered." S.D. CODIFIED LAWS § 37–29–6 (2005). South Dakota's trade secret statute took effect on July 1, 1988. S.D. CODIFIED LAWS § 37–29–11 (2005).

## B. Pennsylvania

Pennsylvania has enacted a trade secret statute that is nearly identical to South Dakota's. 12 Pa.C.S.A. § 5301 *et seq.* (Purdon's 2005). However, the Uniform Trade Secrets Act did not take effect until April 19, 2004, 12 Pa.C.S.A. § 5301, and the Act does not apply to misappropriation occurring before the effective date of the act, including a continuing misappropriation that began before the effective date and continues after the effective date. 2004 Feb. 19, P.L. 143 No. 14 § 4. The Defendant asserts that Plaintiff had knowledge of Defendant's alleged misappropriation in 1999 (Document No. 20) and the Plaintiff alleges that the misappropriation occurred in 1998. (Document No. 13). Clearly, the statute does not apply to the case *sub judice.* Accordingly, this Court examines Pennsylvania common law trade secret law.

■ Under Pennsylvania common law, a trade secret is "...any formula, pattern, device, or compilation of information which is used in one's business, and gives him an opportunity to obtain an advantage over competitors who do not know how to use it." *Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273, 277 (1976) (quoting *Van Prods. Co. v. General Welding & Fabricating Co.,* 419 Pa. 248, 213 A.2d 769, 775 (1965)). A plaintiff seeking equitable relief bears the burden of proving that: (1) there was a trade secret, (2) the trade secret was of value to the plaintiff's business, (3) by reason of discovery or ownership, the plaintiff had the right to use and enjoy the secret, and (4) the secret was communicated to the employees who were employed in a position of trust and confidence, under such circumstances to make it inequitable and unjust for them to disclose the secret to others or make use of it themselves. *Felmlee,* 351 A.2d at 277 (quoting *Macbeth–Evans Glass Co. v. Schnelbach,* 239 Pa. 76, 86 A. 688 (1913)).

■ Under Pennsylvania common law, a formula, pattern, device, or compilation of information does not need to be kept com-

pletely secret in order to be considered a trade secret; however, to the extent that secrets are circulated, there must be, at a minimum, an implied restriction upon their use. *Pressed Steel Car Co. v. Standard Steel Car Co.*, 210 Pa. 464, 60 A. 4, 9–10 (1904) (finding trade secrets where company had circulated secrets in its blueprints to customers so that they could order the company's products or replacement parts for past purchases). In *Pressed Steel Car Co.*, there was no expressed restriction on the use of the blueprints sent to customers; yet, based upon the fact that Pressed Steel Car Co.'s customers signed receipts for the blueprints, the Pennsylvania Supreme Court found a clear understanding among the parties that Pressed Steel Car Co. did not circulate its secrets for the benefit of its competitors. *Pressed Steel Car Co.*, 60 A. at 10; *Sears, Roebuck & Co. v. L–M Manufacturing Co.*, 256 F.2d 517, 520 (3rd Cir.1958) (applying *Pressed Steel Car Co.* in support of the proposition that a matter is not a trade secret when it is circulated without even an implied restriction as to its usage). Accordingly, the circulation of a matter alone is not sufficient to preclude trade secret protection if the matter was circulated with at least an implied restriction.

■ In order to maintain a trade secret action, one must take "[r]reasonable precautions...to insure secrecy...." *Phila. Extracting Co. v. Keystone Extracting Co.*, 176 F. 830, 831 (C.C.E.D.Pa.1910). *Opinion of the Comptroller General of the United States, No. B–149295*, 136 U.S.P.Q. 321, 326, 1963 WL 8139 (1963) (citing *Phila. Extracting* in support of the proposition that one wrongful disclosure of a trade secret should not preclude all future protection). In *Philadelphia Extracting Co.*, the court found a trade secret where "[t]he evidence does not prove that the process has in effect been thrown open to the public, or has been so negligently guarded that other persons have probably discovered it by means that were not unfair." *Id.*

As for the more technical aspects of Pennsylvania common law trade secret law, the existence of a trade secret is a question of fact for the jury or trier of fact. *West Mountain Poultry Co. v. Gress*, 309 Pa.Super. 361, 455 A.2d 651, 652 (1982). A trade secret claim is subject to a two year statute of limitations, based upon 42 Pa. C.S.A. § 5524(7) (Purdon's 2005). *Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, 2001 WL 936641, \*\*17–18, 2001 U.S. Dist. LEXIS 12215 at \*48 (E.D.Pa.2001). Pennsylvania applies the discovery rule to 42 Pa.C.S.A. § 5524, which means that a plaintiff has two years to bring a claim from the date a plaintiff knew or reasonably should have known that the plaintiff has been injured and that this injury was caused by the conduct of the other party. *Levenson v. Souser*, 384 Pa.Super. 132, 557 A.2d 1081, 1086–87 (1989).

## 1-2 Choice of Law

■ Comparing the laws of these two jurisdictions reveals only a few differences. Both jurisdictions offer similar definitions of "trade secret" and neither requires that the Plaintiff succeed in or take great efforts to protect its secret. Rather, the Plaintiff must have made reasonable efforts to protect its secret. Although the jurisdictions offer differing statutes of limitations, three years versus two years, choosing one would not be outcome determinative in the case *sub judice*, specifically, construing all inferences in the light most favorable to the Plaintiff, the Plaintiff asserts that it did not discover the misappropriation until December, 2004. (Document No. 13). Since the laws of both jurisdictions recognize the statute of limitations as tolling when the Plaintiff knows or should have known of its injury, the

Plaintiff would be within the statute of limitations period of either jurisdiction. Furthermore, this Court finds that although South Dakota treats the existence of a trade secret as partially a question of fact to be determined by the trier of fact while Pennsylvania treats the entire question as one of fact to be determined by the trier of fact, this disparity will not affect the outcome of this motion. Accordingly, having found no relevant conflicts between the bodies of law, this Court declines to choose which law to apply.

## 2. Revealing Trade Secrets in an Expired Patent

 The Defendant asserts that the Plaintiff has revealed its trade secrets in the expired "McCarthy Patent." (Document No. 20). Although this argument constitutes an affirmative defense, this Court can properly dismiss a claim if the affirmative defense is apparent on the face of the Complaint. *Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir.2001). The Defendant also correctly asserts that this Court can look to public records when deciding a Rule 12(b)(6) motion, viz., patents. *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3rd Cir.1999).

 In what is perhaps the first reported trade secret case, Lord Chancellor Eldon addressed this very issue.

In this case, the medicines in question were the subject of a patent which had expired; and the agreement which the bill sought to enforce was an agreement, by which, independently of the patent, the proprietors had entered into covenant not to sell that which was the subject of the patent, except to each other. But, in order to support a patent, the specification should be so clear, as to enable all the world to use the invention as soon as the term for which it has been granted is at an end.

*Newbery v. James,* 2 Mer. 449, 451, 35 Eng. Rep. 1011, 1012 (Ch. 1817). Lord Chancellor Eldon did not grant the plaintiff an injunction. *Id.* Of patents, Chief Justice Marshall has said, "[t]he full benefit of the discovery, after its enjoyment by the discoverer for fourteen years, is preserved; and for his exclusive enjoyment of it during that time the public faith is pledged." *Grant v. Raymond,* 6 Pet. 218, 31 U.S. 218, 242, 8 L.Ed. 376, 386 (1832). Accordingly, "...the very nature of the patent publication [has] been consistently held to work a destruction of any trade secret disclosed therein." *Felmlee v. Lockett,* 466 Pa. 1, 351 A.2d 273, 278 (1976). Therefore, this Court agrees that a trade secret revealed in an expired patent is no longer a secret. However, the Plaintiff's Amended Complaint asserts that the misappropriated materials contained trade secrets developed subsequent to the "McCarthy Patent." Because this Court must construe facts in favor of the Plaintiff for the purposes of a Rule 12(b)(6) motion, Count Two cannot be dismissed based upon the Defendant's assertion.

## 3. Plaintiff's Trade Secrets as Widely Circulated

 The Defendant also argues that Count Two should be dismissed because Plaintiff's trade secrets have been so widely circulated as to become part of the public domain. The Plaintiff asserts that its designs were accompanied with a notice stating that they are the property of McTighe industries, that they contain confidential information, and that they may not be reproduced or duplicated. (Document No. 24). The Plaintiff also asserts that the notice requires that the designs be returned to McTighe upon the completion of the purpose for which they were delivered to the receiving party. *Id.* Thus, the

case *sub judice* is more akin to *Pressed Steel Car Co. v. Standard Steel Car Co.,* 210 Pa. 464, 60 A. 4, 9–10 (1904), in which the Pennsylvania Supreme Court found at least implied restrictions upon the use of Pressed Steel Car's blueprints, than *Sears, Roebuck & Co. v. L–M Mfg. Co.,* 256 F.2d 517, 520 (3rd Cir.1958), in which secrets were circulated without any restriction upon their usage. Similarly, the South Dakota statute requires only that the Plaintiff make reasonable efforts to protect its trade secrets. *See* S.D. CODIFIED LAWS § 37–29–1(4) (2005). When construing these facts in the light most favorable to the Plaintiff, this Court finds that the Plaintiff has alleged facts that, if proven, could support a finding that the Plaintiff made reasonable efforts to protect its secrets.

### 4. Statute of Limitations

The Defendant asserts that Plaintiff's trade secret claim is barred by the statute of limitations included in Pennsylvania's Uniform Trade Secrets Act, 12 Pa.C.S.A. § 5307 (Purdon's 2005) or South Dakota's statute, S.D. CODIFIED LAWS § 37–29–6. As explained above, the Pennsylvania statute does not apply to the case *sub judice.* 2004 Feb. 19, P.L. 143 No. 14 § 4. The statute of limitations period under Pennsylvania law is two years. 42 Pa.C.S.A. § 5524(7) (Purdon's 2005). *Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.,* 2001 WL 936641, \*\*17–18, 2001 U.S. Dist. LEXIS 12215 at \*48 (E.D.Pa. 2001). Furthermore, the difference in South Dakota and Pennsylvania trade secret laws would not affect the outcome of this motion.

██ The Defendant correctly asserts that this Court can consider a statute of limitations defense as part of a Rule 12(b)(6) motion. *Bethel v. Jendoco Constr. Corp.,* 570 F.2d 1168, 1174 (3rd Cir.1978).

However, this Court can grant the Defendant's motion only if "...the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations." *Id.* (citing *Hanna v. United States Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3rd Cir.1975)) (italics added by *Bethel* Court). Accordingly, this Court will look to the time alleged in Plaintiff's Amended Complaint to determine whether the statute of limitations bars this cause of action.

██ The Plaintiff asserts that Pennsylvania law recognizes a "last injury discovery rule," which allows a Plaintiff to recover for all injuries caused by a defendant's conduct if at least one of these injuries occurred within the statute of limitations. (Document No. 24). The Plaintiff cites *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1129 (3rd Cir.1988) in support of this proposition. However, the Supreme Court overturned *Keystone Ins. Co.,* stating, "[w]e conclude that the Third Circuit's rule is not a proper interpretation of the law...[i]ndeed, the rule would permit plaintiffs who know of the defendant's pattern of activity simply to wait, sleeping on their rights...as the pattern continues and treble damages accumulate, perhaps bringing suit only long after the memories of witnesses have faded or evidence is lost." *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 187, 117 S.Ct. 1984, 1989, 138 L.Ed.2d 373, 381 (1997). Nevertheless, the Plaintiff's claim is not barred by the statute of limitations, as the Plaintiff's Amended Complaint alleges that the Plaintiff did not discover the misappropriation until December, 2004, which is well within the statute of limitations of Pennsylvania or South Dakota because, as this Court noted above, both states toll the statute of limitations until the time at which the Plaintiff discovered or should have discovered its injury. (Document No. 13). The Defendant cites

depositions that cannot properly be considered to determine whether the Plaintiff's Amended Complaint was filed within the statute of limitations. (Document No. 20); *See Bethel*, 570 F.2d at 1174. Accordingly, this Court denies the Defendant's Motion as to the trade secret statute of limitations.

### 5. Laches

 The Defendant also asserts that Plaintiff's action is time-barred by the doctrine of laches. Laches, like the statute of limitations, is an affirmative defense and can be properly addressed by this Court on a Rule 12(b)(6) motion. *Connor v. Highway Truck Drivers and Helpers, Local 107*, 378 F.Supp. 1069, 1073 (E.D.Pa. 1974). Laches can bar equitable remedies if the Defendant can show inexcusable delay and prejudice to the Defendant as a result of the delay. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3rd Cir.2005). However, if the statute of limitations has expired, a defendant enjoys the presumption of inexcusable delay and prejudice. *Id.* In order to rebut such a presumption, a plaintiff must show that the delay was excusable and that the defendant was not prejudiced. *Id.* at 139.

In the case *sub judice*, the Court has not found on the face of the Complaint that the statute of limitations bars Plaintiff's claim; therefore, inexcusable delay and prejudice to the Defendant are not presumed. Furthermore, the Plaintiff's Amended Complaint alleges that Plaintiff first discovered the Defendant's alleged misappropriation in December, 2004. Accordingly, the Court does not find inexcusable delay and

denies the Defendant's Motion as to laches on Count Two.

### 6. Claim Preclusion

The Defendant asserts that Counts Two, Three, and Four of the Plaintiff's Amended Complaint are barred by claim preclusion,[3] pursuant to the July 13, 1998 Stipulated Dismissal with Prejudice of an adversary proceeding in a South Dakota Bankruptcy Court. (Document No. 20, Document No 13, Ex. C).

 This Court notes that res judicata clearly applies to bankruptcy proceedings. *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391, 399 (1966). Claim preclusion has been applied to adversary proceedings. *In re Belmont Realty Corp., Rhode Island Hospital Trust National Bank v. Bogosian*, 11 F.3d 1092, 1097 (1st Cir.1993). Claim preclusion requires "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3rd Cir.1990).

Step one is satisfied, as a dismissal with prejudice is considered a final judgment on the merits. *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3rd Cir.1972). Moreover, since the Plaintiff purchased McTighe, step three is clearly satisfied. However, as to step two, assuming, *arguendo*, that claim preclusion applies to the case *sub judice*, this Court examines which causes of action would be barred.

 The Defendant asserts that the Plaintiff is barred from bringing copyright, trade secret, and Lanham Act claims based upon the same manuals that were

---

**3.** The judicial policy of finality is hardly a new one. Pursuant to § 5 of the world's oldest legal code, Hammurabi, King of Babylon's, code circa 2285–2244 B.C., a Babylonian judge who altered his final judgment was to be fined twelve times the amount of his judgment and removed from office. C.H.W. Johns, The Oldest Code of Laws in the World, 2 (1926).

disputed in the South Dakota proceedings. Essentially, all litigation as to Plaintiff's rights to these manuals would be barred. As part of the Stipulated Dismissal, the Defendant's privies state that they have returned McTighe's property. Applying claim preclusion would allow the Defendants to simply re-misappropriate the materials they returned pursuant to the Stipulated Dismissal. Such an outcome would be absurd, as the South Dakota Court had never adjudicated McTighe's property rights in the manuals. Therefore, the alleged misappropriation subsequent to the Stipulated Dismissal clearly is not the same claim as the South Dakota proceedings.

█ What the Defendant is really asserting is not that the Plaintiff is re-litigating the same claim, viz., that the Defendant's privies kept the Plaintiff's trade secrets after terminating their employment, but that the issue of whether these materials constitute trade secrets has already been decided and should not be re-litigated. Therefore, the Defendant is seeking to apply issue preclusion. However, this Stipulated Dismissal is not sufficient to support issue preclusion, as the Supreme Court has stated:

> ...where the second action between the same parties is upon a different claim or demand, the judgment of the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered...the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined...[w]e conclude that the decisions by the Tax Court...were

only a *pro forma* acceptance by the Tax Court of an agreement between the parties to settle their controversy for reasons undisclosed. There is no showing either in the record or by extrinsic evidence that the issues raised by the pleadings were submitted to the Tax Court for determination or determined by the Tax Court...[p]erhaps the settlement was made for a different reason, for some exigency arising out of the bankruptcy proceeding.

*United States v. Int'l Bldg. Co.*, 345 U.S. 502, 504–05, 73 S.Ct. 807, 808–09, 97 L.Ed. 1182, 1187–88 (1953). Similarly, in the case *sub judice*, there is no indication that any issues were litigated in South Dakota, only that they were settled. Accordingly, this Court denies the Defendant's Motion to Dismiss as to Count Two of the Plaintiff's Amended Complaint.

### Lanham Act

The Defendant further asserts that Count Three of Plaintiff's Amended Complaint fails to allege the essential elements of an action under § 43(a) of the Lanham Act and that Count Three is barred by the statute or limitations and the doctrine of laches. (Document No. 20). This Court will address these issues seriatim.[4]

### 1. Failure to State a Claim, Generally

The Plaintiff's factual allegations as to Count Three are that: (1) the Defendant reproduced McTighe's engineering drawings and passed them off to potential customers as the Defendant's designs, and (2) the Defendant provided misleading descriptions of fact or made false or misleading representations of fact in connection with its bidding by offering McTighe's designs as its own. (Document No. 13).

---

4. It is not clear whether the Defendant is asserting that Counts Two, Three, and Four are barred by laches, or just Count Four. In the interest of thoroughness, this Court addresses laches as to Counts Two, Three, and Four.

When considering whether the Plaintiff has failed to state a claim, this Court recognizes that "a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Jordan v. Fox, Rothschild, O'Brien*, 20 F.3d at 1261.

In order for the Plaintiff to state a claim under 15 U.S.C. § 1125(a), the Plaintiff must allege that the Defendant "...in connection with any goods or services,...uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which...is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [the Defendant] with another person, or as to the origin, sponsorship, or approval of [the Defendant's] goods, services, or commercial activities by another person..." *See* 15 U.S.C. § 1125(a). This Court considers whether relief could be granted on any set of facts that could be proven consistently with the Plaintiff's allegations.

If the Plaintiff proves that the Defendant "passed off" the Plaintiff's designs to potential customers, this would establish a false designation of origin. *See id.* Moreover, a reasonable inference from this fact is that potential customers would be confused. *See id.* Moreover, this Court can reasonably infer confusion, mistake, or deception as to affiliation, connection, or origin from the Plaintiff's allegation that the Defendant offered Plaintiff's designs to deceive potential customers during a bidding process. *See id.*

The Plaintiff also alleges damages. (Document No. 13). This Court is not bound by the legal conclusions included in the Plaintiff's Amended Complaint. *Gard-*

*iner v. Mercyhurst Coll.*, 942 F.Supp. 1050, 1053 (W.D.Pa.1995). Although the Plaintiff's allegations are vague, they are not merely legal conclusions. The reproduction of an engineering drawing is a factual event, as is the "passing off" of the drawings to potential customers. Plaintiff's use of "misleading description of fact" and "false or misleading description of fact" are legal conclusions taken from the text of the statute. *See* 15 U.S.C. § 1125(a). However, the underlying allegation contained in paragraph 24 is that the Defendant offered the Plaintiff's designs in the process of submitting bids to potential customers. (Document No. 13). This is clearly an allegation of fact, not a legal conclusion. Furthermore, this Court notes that "[m]otions to dismiss should be granted sparingly and confined to those situations where the complaint discloses that plaintiff cannot possibly prove a case entitling him to relief." *Sheppard v. Am. Dredging Co.*, 77 F.Supp. 73 (E.D.Pa. 1948). In light of the fact that relief could be granted to the Plaintiff if the Plaintiff is able to prove a set of facts consistent with its allegations, and in recognition of the general disfavor toward granting a motion to dismiss, the Defendant's Motion to Dismiss is denied as to this portion of its argument.

**2. Statute of Limitations**

The Defendant urges this Court to apply a three year statute of limitations. (Document No. 20). Since the Lanham Act does not specify a statute of limitations, the Defendant argues that this Court should apply the statute of limitations for trade secret. However, under Pennsylvania law, the statute of limitations to be applied to the Lanham Act is clearly six years. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 135 (3rd Cir. 2005); *Monkelis v. Scientific Sys. Servs.,*

653 F.Supp. 680, 684 (W.D.Pa.1987). Although an examination of South Dakota precedent does not reveal which statute of limitations a South Dakota court would apply, it is clear from the Plaintiff's Amended Complaint that the Plaintiff alleges that it discovered the Defendant's underlying conduct in December, 2004. (Document No. 13). Accordingly, the Plaintiff's Lanham Act claim is not time barred on the face of the Amended Complaint; therefore, the Defendant's Motion to Dismiss is denied as to this portion of its argument.

### 3. Laches

This Court denies the Defendant's Motion to Dismiss as to its laches defense to the Plaintiff's Lanham Act claim because the Amended Complaint does not reveal the Plaintiff's claim as being brought beyond the statute of limitations and because the Defendant has not shown inexcusable delay and prejudice to the Defendant.

### Copyright Infringement

As to Count Four, the Defendant asserts that the Plaintiff's claim should be dismissed as its ideas and expression thereof have merged and, therefore, are not entitled to copyright protection. (Document No. 20). The Defendant also asserts that Count Four is barred by the statute of limitations and laches. The Court first addresses the Defendant's merger argument.

### 1. Merger

▉▉▉▉ Initially, the Court notes that copyright protection extends to the expression of ideas, not the ideas themselves. In the seminal case of *Baker v. Selden*, the Supreme Court distinguished idea from expression.

> To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters-patent, not of copyright.... The very object of publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains. But this object would be frustrated if the knowledge could not be used without incurring the guilt of piracy of the book. And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the book, or such as are similar to them, such methods and diagrams are to be considered necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application.

*Baker v. Selden*, 101 U.S. 99, 102–03, 11 Otto 99, 25 L.Ed. 841, 843 (1879). The Copyright Act states:

> [i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b). The Copyright Act codified the idea-expression dichotomy enunciated in *Baker v. Selden*. *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1234 (3rd Cir.1986). This Court has held that "[w]hen the expression of an idea is inseparable from the idea itself, the expression and idea merge." *Project Dev. Group, Inc. v. O.H. Materials Corp.*, 766 F.Supp. 1348, 1354 (W.D.Pa.1991). Although the Defendant is correct in asserting that, especially in a technical manual such as the one in dispute in the case *sub judice*, the ideas included therein and the expression thereof can merge, copyright

protection is not fully extinguished. Rather, a copyright owner in such a situation holds a "thin"[5] copyright. A copyright holder whose ideas and expression thereof have merged is still protected from slavish, identical copying. *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1168 (9th Cir.1977); *Midway Mfg. Co. v. Bandai–America, Inc.*, 546 F.Supp. 125, 148 (D.N.J.1982) (citing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*). The Plaintiff alleges that the Defendant made unauthorized copies of its manuals; however, no portion of the Amended Complaint indicates whether these copies were identical. (Document No. 13). Since it does not appear from any of the documents which this Court can properly examine when ruling on a 12(b)(6) motion that the Plaintiff's ideas and expression thereof have merged and that the Plaintiff is alleging non-identical copying, the Defendant's Motion as to this portion of Court Four is denied.

### 2. Statute of Limitations

The Defendant asserts that, pursuant to 17 U.S.C. § 507(b), Count Four is barred by the Copyright Act's three year statute of limitations. (Document No. 20). However, because the Plaintiff alleges first having knowledge of the alleged infringement in December, 2004, this portion of the Defendant's Motion is denied.

### 3. Laches

As it has with Counts Two and Three, this Court denies the Defendant's Motion to Dismiss as to its laches defense to the Plaintiff's copyright infringement claim because the Amended Complaint does not expose the Plaintiff's claim as being brought beyond the statute of limitations and because the Defendant has not shown inexcusable delay and prejudice to the Defendant.

### Unclean Hands

The Defendant asserts that the Plaintiff should be denied all equitable relief due to the Plaintiff's unclean hands. (Document No. 20). As stated above, this Court may consider an affirmative defense pursuant to a Rule 12(b)(6) motion. *Leveto*, 258 F.3d at 161. As an affirmative defense, unclean hands can be properly considered as part of a 12(b)(6) motion. *Cunningham v. EquiCredit Corp. of Ill.*, 256 F.Supp.2d 785, 797 n. 12 (N.D.Ill.2003). "Unclean hands" is an English common law doctrine. English common law has long denied relief to wrongdoers. In an early case, three robbery victims sued the members of the County in which the robbery occurred for damages under the Statute of Winchester, 13 Eliz. 1. The Court of Common Pleas declined to exempt the members of the County from liability, reasoning that a County that does not pursue the robbers is, in effect, abetting them. (untitled) 2 Leon. Rep. 12 (C.P.1571). In *Everet v. Williams*, the Plaintiff sued the Defendant for his share of the proceeds from highway robberies, as the two men were partners in the venture. *Everet v. Williams*, (1725), 9

---

**5.** Weak copyright protection that protects its owner from direct copying and/or very close paraphrasing is often referred to as a "thin" copyright. *See* Denis S. Karjala, *Copyright Protection of Operating Software, Copyright Misuse, and Antitrust*, 9 CORNELL J.L. & PUB. POL'Y 161, 165 (1999–2000); *see also: MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 194 (2nd Cir.2004) (referring to such weak copyright protection as a "thin copyright"); *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1348 n. 15 (5th Cir.1994) (same); *ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 710 (6th Cir.2005) (same); *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir.2003) (same); *FMC Corp. v. Control Solutions, Inc.*, 369 F.Supp.2d 539, 571 (E.D.Pa.2005) (same).

L.Q. Rev. 197, 198 (1893).[6] The court dismissed the plaintiff's complaint and fined the plaintiff's solicitors for the indignity to which the court was subjected by the plaintiff's complaint. *Id* at 199. Lord Mansfield has said, "[n]o Court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act." *Holman v. Johnson*, 98 Eng. Rep. 1120, 1121, 1 Cowp. 342, 343 (K.B.1775). Stated otherwise, "[w]ho comes to equity must come with clean hands...equity has no relief for a party who, in the practice of one fraud, has become the victim of another." *Hershey v. Weiting*, 50 Pa. 240, 244 (1865). The Defendant offers depositions showing that the Plaintiff possessed its competitors' manuals; however, this Court cannot properly consider these depositions as part of a 12(b)(6) motion and must, therefore, deny the Defendant's motion as to the Plaintiff's unclean hands.

### Plaintiff's Motion to Compel

The Plaintiff's Motion to Compel is properly before the Court pursuant to FED. R. CIV. P. 37(a)(1). However, the Plaintiff's Motion relies upon this Court's January 7, 2005 Order. (Document No. 18). On February 18, 2005, this Court vacated the January 7, 2005 Order. *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 2005 U.S. Dist. LEXIS 8377 (W.D.Pa.2005). Accordingly, the Plaintiff's Motion to Compel is denied without prejudice, allowing the Plaintiff to re-file a motion to compel which does not rely upon this Court's January 7, 2005 Order.

An appropriate Order follows.

### ORDER

**AND NOW**, this 29th day of August, 2005, this matter coming before the Court on the Defendant's Motion to Dismiss (Document No. 19) and the Defendant's Motion to Quash Subpoenas, or in the alternative, a Motion for a Protective Order (Document No. 23), and the Plaintiff's Motion to Compel Discovery (Document No. 18), **IT IS HEREBY ORDERED** that this Court determines that it lacks jurisdiction to consider Defendant's Motion to Quash Subpoenas, or in the alternative, Motion for a Protective Order. (Document No. 23).

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss (Document No. 19) is DENIED WITH PREJUDICE; and the Plaintiff's Motion to Compel (Document No. 18) is DENIED WITHOUT PREJUDICE.

---

6. Although it appears that this case was not reported, the editors of the *Law Quarterly* *Review* obtained copies of the Bill and reprinted the case in 1893.